514 So.2d 820 (1987)
Clovis W. BOLTON
v.
BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, et al.
85-1237.
Supreme Court of Alabama.
June 19, 1987.
Rehearing Denied September 18, 1987.
*821 Henry H. Caddell, Mobile, and Terry G. Davis, Montgomery, for appellant.
Jon A. Green and Robert C. Campbell III, Mobile, for appellees.
JONES, Justice.
This is an appeal from the order of the Mobile Circuit Court denying Plaintiff Clovis W. Bolton's petition for an alternative writ of mandamus.[1] We reverse and direct that the writ be granted.
On June 26, 1985, Defendant Board of School Commissioners of Mobile County (the "Board") voted to give notice to Bolton of the Board's proposed termination of Bolton as a nonprobationary full-time employee. The Board notified Bolton in a letter on July 19, 1985, of the proposed termination. The letter set out specific grounds for Bolton's termination under the general headings of failure to perform his duties in a satisfactory manner, neglect of duty, insubordination, immorality, and "other good and just causes." In this same letter the Board informed Bolton of his right to file an intention to contest the proposed termination within 15 days after receipt of the Board's letter.
The Board's letter of July 19 concluded:
"If you do not file an intention to contest with the Board of School Commissioners of Mobile County, Alabama, within fifteen (15) days after receipt of this notice, then the Board of School Commissioners may dismiss you by a majority vote and your dismissal will be final. If you do contest your termination within the time allowed, a hearing will be conducted in compliance with Alabama *822 Code 1975, §§ 36-26-100, et seq., and at that hearing you will have the right of counsel or other representation of your choice. The decision of the hearing shall be final and binding upon the parties."
On August 5, 1985, Bolton notified the Board, in a hand-delivered letter, of his intention to contest the proposed termination. Bolton also requested that the procedures of §§ 36-26-105, -106 be carried out through his legal representatives, whose names were supplied in Bolton's letter. No decision of dismissal was ever issued. Indeed, the Board's letter of July 19 does not contemplate any further action on the Board's part to invoke the appellate process as provided by § 36-26-105. The significance of this missed step in the termination procedure will be treated later in this opinion.
On September 11, 1985, the Board met and again voted to give Bolton a notice of proposed terminationbased on the same facts as those made the basis of the Board's earlier notice. On September 16, 1986, Bolton was notified of the Board's "proposed termination" in a letter identical to that served previously. Within 15 days of receiving the notice, Bolton again filed his intention to contest the proposed termination, and, again, no decision to dismiss Bolton as an employee was ever issued.
On October 11, 1985, Bolton began the instant litigation as an action for mandamus/injunctive relief, seeking to prohibit the Board from proceeding to terminate his employment. On that date, the Mobile Circuit Court issued an alternative writ of mandamus, granting Bolton the relief requested pending a hearing. After entering a joint stipulation of facts, the parties agreed to have the case submitted on briefs, and on June 30, 1986, the trial court denied Bolton's petition, without opinion. Bolton appeals.
The procedure for terminating the employment of a full-time nonteacher or nonclassified school system employee is found in Title 36 ("Public Officers and Employees") of Alabama Code 1975. Chapter 26, Article 4, "Dismissal Procedures for Nonteacher, Nonclassified, etc., Employees in Certain School Systems, Institutions, etc. (also known as the "Fair Dismissal Act") was enacted in 1983 and became effective on July 26, 1983. The portions of the statute here pertinent are as follows:
"§ 36-26-102. Nonprobationary status; causes for termination.
"Upon the completing by the employee of said probationary period, said employee shall be deemed employed on a nonprobationary status and said employee's employment shall thereafter not be terminated except for failure to perform his or her duties in a satisfactory manner, incompetency, neglect of duty, insubordination, immorality, justifiable decrease in jobs in the system, or other good and just causes; provided, however, such termination of employment shall not be made for political or personal reasons on the part of any party recommending or voting to approve said termination.
"§ 36-26-103. Procedure for termination of employment.
"Employment of an employee on permanent status must be terminated only in the following manner:
"The employing board of education shall give notice in writing to the employee, stating in detail the reasons for the proposed termination, the facts upon which such reasons are based, and giving notice of the employee's rights to a hearing as set out herein. Said action of giving notice of termination shall be made only upon recommendation of the superintendent and upon approval of a majority of the members of the employing board which action shall be reflected in the board minutes.
"§ 36-26-104. Notice of termination; suspension with pay; notice of intention to contest.
"Notice to the employee shall be served either by personal service or by... registered or certified mail.... The employing board may suspend said employee with pay until the charges are heard and determined.... Such notice shall also inform the employee that in order to contest said termination, the employee *823 must file with the employing board, within 15 days after receipt of such notice, notice of an intention to contest the termination of said contract. If the employee does not file an intention to contest with the employing board ... then the employing board may dismiss the employee by a majority vote and such dismissal shall be final. [Emphasis supplied.]
"§ 36-26-105. Appellate process to contest termination; employee review panel.
"An appeal of the decision of the employing board may be filed by the employee within 15 days of receipt of the board's decision by mailing a notice to the superintendent of education and/or president of the junior/technical or community college or institution. Upon receipt of the request, the employing board and the employee may (1) mutually agree upon a person to hear the employee's appeal or (2) select a panel of three persons, one selected by the employing board, and another selected by the employee and a third agreed upon by the two parties listed hereinabove which shall constitute an employee review panel to hear the employee's appeal....
"§ 36-26-106. Hearing process.
"Upon the employee review panel's selection to hear a case, the panel shall within 10 days establish a date, place, and time for the hearing to be conducted. The date of such hearing shall in no case be later than 60 days following the decision of the employing board. Upon completion of a de novo hearing, the panel's decision must be rendered within 45 days.... The decision of the panel shall be final and binding upon the parties...."
Essentially, Bolton contends that the Board's notice of its intention to terminate his employment contract and its subsequent failure to follow the statutorily prescribed procedures operate as a bar to the Board's authority to re-notice Bolton of the proposed termination on the same grounds as previously alleged. We agree.
The stipulation of facts upon which the parties submitted this issue to the trial court tends to center on the effect of the Board's failure to set into motion the procedure for having the termination dispute resolved within the 60-day period prescribed in § 36-26-106. This approach to the problem is also illustrated in the concluding paragraph of the Board's notice letter of July 19: "If you do not contest your termination within the time allowed, a hearing will be conducted in compliance with Alabama Code 1975, § 36-26-100, et seq...."
This provision of the July 19 letter overlooks one full step in the statutorily prescribed procedure for termination:
Step 1The Board's letter notifying the employee of the proposed termination;
Step 2The employee's letter of intention to contest the proposed termination;
Step 3The Board's decision to dismiss the employee;
Step 4The employee's request for an appeal and hearing;
Step 5The selection of an employee review panel; and
Step 6The hearing and final disposition by the review panel.
The third stepthe Board's decision to dismiss the employeeis clearly contemplated by the "Fair Dismissal Act." Otherwise, there would be no commencing date for the second 15-day period for the filing of "[a]n appeal of the [Board's] decision" under § -105. The first 15-day period, under § -104, commencing with the employee's receipt of the Board's notice of its "intention to terminate," is the time within which the employee must file "an intention to contest the termination of said contract."
When Bolton timely filed with the Board his intention to contest his proposed termination, he was complying with Step 2. Because Step 3the Board's decision to dismiss the employeenever occurred, the 15-day period during which Bolton could file an appeal never commenced to run. Thus, the problem in this case does not center upon the 60-day hearing deadline prescribed by § -106, but upon the failure *824 of the Board to issue an order dismissing Bolton as an employee.
We do agree with the Board that the "Fair Dismissal Act" is not a model of legislative clarity. Indeed, while § -104 expressly provides that the employee may be dismissed upon his failure to file an intention to contest, it does not expressly provide that the board must enter a decision either to retain or terminate the employee upon his election to contest. Further, the dismissal procedure provisions of §§ -105, -106 do not state that it is either party's responsibility to request from the judge of probate the list of possible panel members, thus beginning the hearing process. Nor does the statute provide a procedure to insure that the hearing take place within the 60 days or set out the penalties that may apply when certain deadlines are not met.
These deficiencies, however, do not negate the overall purpose of the "Fair Dismissal Act," that is, to provide nonteacher employees a fair and swift resolution of proposed employment terminations. To be sure, the noted deficiency in § -104 is clearly implied in § -105, providing the employee the right of "[a]n appeal of the decision ... within 15 days of receipt of the board's decision."
As with any statute, "reasonableness" must be read into the provisions of the "Fair Dismissal Act." Despite the poor drafting and the resulting inconsistencies, the Act was not intended to allow an employing school board to maintain a termination proceeding for an indefinite length of time by "beginning" the dismissal procedure through multiple re-votes and re-notices.
We hold that the Board, after instituting the procedure for Bolton's termination and after receiving notification of Bolton's intent to contest, failed to act reasonably or responsibly when it failed to pursue the process it had begun.
The Act, reasonably interpreted, structures a procedure whereby the employee's failure, on the one hand, to give notice that he intends to contest any termination renders the Board's decision to terminate incontestable and final. On the other hand, the employee's timely filed notice of intention to contest "the [proposed] termination" requires the employing board to reconsider its intention to terminate and to render a "decision" if it decides to dismiss the employee.
This statutory structure employs counterbalancing duties and responsibilities for the execution of the termination process. The employee is obligated to give notice of his intention to contest any termination that should occur, or suffer dismissal without the right of appeal or a hearing. Concomitantly, the Board's receipt of the employee's intention to contest the proposed termination obligates the Board to either abandon its original "intention to terminate" or render a decision to dismiss the employee.
While § -104 does not prescribe any specific time period within which the Board must issue the decision to dismiss, after the employee has either given notice of an intent to contest or has failed to give such a notice by the 15th day, we hold that the Board's re-notice on the same grounds was an abandonment of its original notice of intent to terminate. It is thus unnecessary to determine the time period within which the Board could have acted following Bolton's first notice of intent to contest. This would not prohibit the Board, of course, from initiating termination proceedings against Bolton for failure to perform his duties in a satisfactory manner, neglect of duty, insubordination, immorality, or "other good and just causes" occurring after September 11, 1985. The Board would be estopped to re-notice Bolton only for those acts or omissions that had occurred prior to the meeting of the Board at which the Board voted to give Bolton the notice of a proposed termination.
REVERSED WITH DIRECTIONS TO GRANT THE WRIT.
MADDOX, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
*825 ALMON, J., concurs in the result.
TORBERT, C.J., dissents.
TORBERT, Chief Justice (dissenting).
I agree with the majority opinion's construction of the "Fair Dismissal Act." However, the parties, understandably, were laboring under a misconception as to the procedural mechanism that was established by this poorly drafted act. The sole issue argued in the trial court is whether the school board lost jurisdiction over the termination proceeding because of the failure to hold a hearing, pursuant to Code 1975, § 36-26-106, on the appeal by Mr. Bolton from the decision to terminate. As the majority opinion correctly points out, no decision to actually terminate was ever made, and, therefore, the proceedings called for by § 36-26-106 never came into play.
The majority opinion notes that the issue is whether the school board "failed to act reasonably or responsibly in pursuing the process it had begun." No evidence was actually presented to the trial court on this issue because it was not argued below, but the stipulation of facts in the record does show that more than 60 days had expired after the school board's decision to notify Mr. Bolton of its intent to terminate his employment and that no decision to actually terminate had been made.
From the record and briefs, it is apparent that all parties were confused as to what steps were required under the act. I am not prepared to conclude that the passage of time alone, under these circumstances, estops the school board from reinstituting termination proceedings. Nor am I prepared to say that the board's "re-notice," under these circumstances, shows as a matter of law "an abandonment of its original notice of intent to terminate." Therefore, I would remand this case to the trial court for it to take evidence and make findings as to whether, under the totality of the circumstances, the school board is estopped.
NOTES
[1] Because this appeal challenges the circuit court's holding with respect to the action of an administrative board, it should have been filed in the Court of Civil Appeals; or, once filed in this Court, the cause on appeal should have been transferred to that court. We overlooked this fact, however, until after the case had been submitted on oral argument and briefs; therefore, in the interest of judicial economy, we have retained this case for disposition on appeal. By doing so, we are not to be understood as changing or modifying the standard set forth in Kimberly-Clark Corp. v. Eagerton, 433 So.2d 452 (Ala.1983).