This is an appeal by a full-time, nonprobationary, nonteacher, technical college employee from a circuit court order which granted a motion to dismiss the employee's petition for an alternative writ of mandamus. In that petition she sought reinstatement to her position as cafeteria manager for the Alabama Aviation Technical College (college) and an injunction to prevent the college and Mr. Sasser, its president, (the defendants) from re-noticing her for any employment termination grounds which had been alleged in two previous notices.
The pertinent averments of her petition are summarized as follows, all dates being in the year 1987 unless otherwise specified:
On August 24 the plaintiff was an employee of the college, being the college's cafeteria manager. On that date President Sasser delivered to her a written letter, wherein her employment was proposed to be terminated effective August 31. The college had decided that the college would not operate the cafeteria after August 31 because of the financial condition of its food service operation, which had suffered a net loss of substantial sums of money for a number of years. The college had reached a decision that, commencing with its 1987 fall quarter, it would either lease the food service facility or that it would contract for food service. Such action would terminate her employment effective August 31. That notice did not set out the employee's rights to an appeal and to a hearing. The employee filed on September 1 a notice of appeal from the proposal to terminate her job. The defendants failed to render any written decision as to whether the employee was dismissed. On September 17 the employee filed her first petition for a writ of mandamus for reinstatement because of the faulty notice given to her and because the defendants had not dismissed her. Upon the employee's motion, her first mandamus proceeding was dismissed on November 6.
In the meantime, the defendants notified the employee on October 8 that she was reinstated to her employment effective September 1. Also, on October 8 the defendants notified the employee by a separate written notice of the intent of the president of the college to terminate her employment as an employee of the cafeteria effective as of October 26 because of a justifiable decrease in the number of jobs at the college which was occasioned by the financial losses suffered in the operation of the cafeteria which would no longer be operated by the college since it could no longer afford to suffer the losses incurred thereby. That notice fully complied with the requirements of § 36-26-103 of the Alabama Code. On October 12 the employee notified the defendants in writing of her intention to contest her termination, and she formally appealed. By letter dated October 27, the employee was advised by the president that her employment with the college was terminated effective on October 26. On December 2, the employee's attorney notified the defendants' attorney of the name of the panel member who had been selected by the employee to hear her contest and appeal. By letter dated January 18, 1988, counsel for the defendants notified counsel for the employee of the selection of the defendants' panel member.
The next event occurred when the employee filed her present petition for a writ of mandamus on February 11, 1988. The factual averments and the relief sought by this petition have been heretofore summarized. The two grounds for the requested relief were, first, that the defendants were estopped and barred to re-notice the employee on October 8 of her job termination on the same grounds which were alleged in the first notice of August 24 under the decision of Bolton v. Boardof School Commissioners, 514 So.2d 820 (Ala. 1987). As to her second ground for relief, she averred that it was mandatory under § 36-26-106, Ala. Code (1975), that the review *Page 936 
panel be selected and that the hearing before it be held not later than sixty days following the October 27 notice of the decision of the defendants that her employment was terminated and that the sixty-day period was not complied with in this instance.
The defendants filed a motion to dismiss the employee's petition or, in the alternative, for a summary judgment in favor of the defendants. The trial court rendered and entered a well-reasoned judgment which distinguished Bolton
and which specifically found that the employee had not exhausted her available administrative remedies under the "Fair Dismissal Act" (act), §§ 36-26-100 through -108, Ala. Code (1975), prior to filing her mandamus petition. The trial court ascertained that no further action was taken by either side to implement the statutory administrative process after January 18, 1988, the next event being the filing of the present proceedings. Consequently, the trial court declined to take jurisdiction and dismissed the employee's petition for a writ of mandamus. The employee timely appealed.
The employee first contends that Bolton applies.
It is provided by the act that, after a nonteacher employee attains nonprobationary status, the "employee's employment shall thereafter not be terminated except for [1] failure to perform his or her duties in a satisfactory manner, [2] incompetency, [3] neglect of duty, [4] insubordination, [5] immorality, [6] justifiable decrease in jobs in the system, [7] or other good and just causes. . . ." Ala. Code (1975), §36-26-102.
In Bolton it was held that the school board's first notice of its intention to terminate Bolton's employment for causes numbered 1, 3, 4, 5, and 7 and the board's subsequent failure to follow the statutorily prescribed procedures as to that notice operated as a bar or estoppel to re-notice Bolton on the same dismissal grounds for his acts or omissions that had occurred before the board meeting at which the board voted to give Bolton a second notice, a re-notice, of his proposed termination. Bolton, 514 So.2d at 823-24.
In the case before us, the only stated ground for the employee's dismissal was ground 6, a justifiable decrease in jobs in the system. In this mandamus proceeding the employee properly does not aver, argue, or contest the existence of a justifiable decrease in jobs in the system. That issue, if contested, would be a matter for decision by the statutory review panel. That ground for this employee's termination is a continuing happenstance or result inasmuch as the closing of the cafeteria existed just as much in October as in August. That ground is considerably different from an act or omission of an employee which occurred at an earlier date or over an earlier period of time. The estoppel or bar of Bolton
can reasonably and logically be applied only to statutory grounds for a dismissal which were committed by the employee. We are of the opinion that neither the legislature nor the supreme court intend for the Bolton principle to apply as a bar where the ground is a justifiable decrease of jobs in the system. A law should never be interpreted so as to reach an illogical or unreasonable result. Such a result would occur in this proceeding if we determined as a matter of law underBolton that the college would have to retain its cafeteria manager when the college is no longer operating a cafeteria.
Bolton does not stand for the proposition that an employee cannot be re-noticed and terminated. Unlike the case sub judice, there was no termination of the employment of Mr. Bolton.
For the above reasons we decide that the estoppel or bar ofBolton does not here apply and that a writ of mandamus could not issue in this case on account of anything which was enounced in Bolton.
The employee next argues that the sixty-day period as set by §§ 36-26-105 and -106 of the Code for assembling a review panel is mandatory and that the failure of the defendants to assemble the panel within that time period operates as a bar to the second proposed termination of the employee. We disagree, for we construe Alabama State Tenure Commission v. OneontaCity Board of Education, *Page 937 376 So.2d 197 (Ala.Civ.App.), cert. denied,376 So.2d 199 (Ala. 1979), to be determinative of this issue.
The trial court properly decided that it was without legal grounds to issue a writ of mandamus because the employee had not exhausted her available administrative remedies which are authorized by the act. Alabama State TenureCommission, 376 So.2d at 198.
The judgment of the trial court is affirmed.
We caution the parties and the review panel that our decision herein is concerned only with the strictly legal matters which were presented to us concerning the mandamus proceeding and that nothing contained in this opinion should be construed to be a determination of the merits of the employee's appeal to a review panel. Some of the raised issues could be decided by the review panel, and, after a final finding by that panel, the circuit court can examine and determine proper issues arising therefrom if an appropriate review of the panel's final decision is sought by either party.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.