547 So.2d 888 (1989)
Billy WASHINGTON
v.
BESSEMER BOARD OF EDUCATION.
Civ. 6764.
Court of Civil Appeals of Alabama.
April 5, 1989.
Rehearing Denied May 3, 1989.
Certiorari Denied July 14, 1989.
*890 William J. Baxley and Joel E. Dillard of Baxley, Dillard & Dauphin, Birmingham, for appellant.
Joe L. Tucker, Jr. of Hardin & Taber, Birmingham, for appellee.
Alabama Supreme Court 88-1049.
ROBERTSON, Judge.
This is an appeal from an order of the Jefferson County Court, Bessemer Division, denying the appellant's petition for declaratory judgment or for alternative writ of mandamus. We reverse and direct that the writ be granted.
Washington (appellant) appeals his employment termination by the Bessemer Board of Education (appellee), hereinafter Board, pursuant to the procedures provided for in the Fair Dismissal Act, §§ 36-26-103 through -106, Ala.Code 1975. The Circuit Court entered judgment in favor of the Board on all counts. Washington appeals.
Washington had been employed as a general kitchen employee by the Board since 1981. In May 1987, the Board sent notice to Washington of his proposed termination and advised him of his rights to a hearing pursuant to § 36-26-103, Ala.Code 1975; Washington responded with a request for hearing. The Board issued its decision to terminate Washington's contract on June 2, 1987, and Washington sent the Board timely notice of his intent to contest the termination.
The review panel selection process was completed on September 18, 1987. The panel set Washington's appeal for hearing on October 14, 1987, some 134 days after the Board's decision. The hearing was completed on December 23, 1987, and the panel rendered its decision on February 12, 1987, 51 days after completion of the hearing, affirming the Board's decision.
The applicable sections state the following:
"§ 36-26-103. Procedure for termination of employment.
"Employment of an employee on permanent status must be terminated only in the following manner:
"The employing board of education shall give notice in writing to the employee, stating in detail the reasons for the proposed termination, the facts upon which such reasons are based, and giving notice of the employee's rights to a hearing as set out herein....
"§ 36-26-104. Notice of termination; suspension with pay; notice of intention to contest.
"Notice to the employee shall be served.... The employing board may suspend said employee with pay until the charges are heard and determined. This section, however, does not mandate pay in cases involving moral turpitude. If such charges are found to be unfounded, pay would be reinstated. Such notice shall also inform the employee that in order to contest said termination, the employee must file with the employing board, within 15 days after receipt of such notice, notice of an intention to contest the termination of said contract. If the employee does not file an intention to contest with the employing board within fifteen days ... the employing board may dismiss ... and such dismissal shall be final....
"§ 36-26-105. Appellate process to contest termination; employee review panel.
"An appeal of the decision of the employing board may be filed by the employee within 15 days of receipt of the board's decision.... Upon receipt of the request, the employing board and the employee may (1) mutually agree upon a person to hear the employee's appeal or (2) select a panel of three persons, one selected by the employing board, and another selected by the employee and a third agreed upon by the two parties listed hereinabove which shall constitute an employee review panel to hear the employee's appeal. If there is no agreement on the selection of a third member within 10 days following the selection of the second member, the probate judge of the county in which the dispute originated shall submit the names of three individuals.... *891 From these three names, the employing board shall then strike the first name and the employee shall strike the second name with the person whose name remains becoming the third member of the employee review panel....
"§ 36-26-106. Hearing process.
"Upon the employee review panel's selection to hear a case, the panel shall within 10 days establish a date, place, and time for the hearing to be conducted. The date of such hearing shall in no case be later than 60 days following the decision of the employing board. Upon the completion of a de novo hearing, the panel's decision must be rendered within 45 days...."
In Bolton v. Board of School Commissioners of Mobile County, 514 So.2d 820 (Ala.1987), the Supreme Court outlined the six statutorily prescribed steps necessary for termination under this Act:
"Step 1The Board's letter notifying the employee of the proposed termination;
"Step 2The employee's letter of intention to contest the proposed termination;
"Step 3The Board's decision to dismiss the employee;
"Step 4The employee's request for an appeal and hearing;
"Step 5The selection of an employee review panel; and,
"Step 6The hearing and final disposition by the review panel."
Three issues are presented for review:
(1) whether Washington should be reinstated because the review panel's hearing was not held within 60 days of the Board's decision as is required by § 36-26-106;
(2) whether Washington should be reinstated because the review panel did not render its decision within 45 days from the date of its hearing as is required by § 36-26-106; and,
(3) whether Washington is entitled to receive compensation during the appeal process.
Clearly, our Supreme Court recognized the 60-day deadline when in Bolton, 514 So.2d at 823, it stated: "Thus, the problem in this case does not center upon the 60-day hearing deadline prescribed by § -106, but upon the failure of the Board to issue an order dismissing Bolton as an employee."
In Bolton, both the Mobile Board and the Supreme Court agreed that the "Fair Dismissal Act" is not a model of legislative clarity. We agree. These deficiencies, however, do not negate the overall purpose of the Act, that is, to provide nonteacher employees a fair and swift resolution of proposed employment terminations, with counterbalancing duties and responsibilities. Bolton, supra.
By closely following the steps set out in Bolton, together with §§ 36-26-103 through -106, we conclude the following:
Step 1The Board's letter notifying the employee of the proposed termination
The employee must file an intention to contest the proposed termination within 15 days, or the Board may dismiss the employee by a majority vote and the dismissal is final. The Board has two options as to the pay issueeither the employee continues in his normal duties during this time or is suspended with pay. Either way, the employee is entitled to be paid until the Board's vote. However, in cases involving moral turpitude, the Board has three options. The Board may allow the employee to continue his normal duties with pay, may suspend the employee with pay, or may suspend the employee without pay. See Day v. Southwest State Technical College, [Ms.Civ. 6052, June 8, 1988] (Ala.Civ.App.1988).
Step 2The employee's letter of intention to contest the proposed termination
This notice must be filed with the Board within 15 days and puts the burden back on the Board to advance to Step three. However, § 36-26-104 does not mandate Step three. The Board may opt to do nothing, or they may vote. If the majority vote is to not dismiss, the termination proceedings are concluded.
Step 3The Board's decision to dismiss the employee
There appears to be no time limitation placed on the Board to vote or to have *892 abandoned the termination proceedings and this step may have to be decided on a case by case basis. However, the importance of this step is the beginning of the 60-day time period. Section 36-26-106 states that the date of the hearing by the review panel shall in no case be later than 60 days following the decision of the employing board. This provision leaves no room for judicial interpretation. The words "in no case" mean simply that. They are not directory; they are mandatory.
Step 4The employee's request for an appeal and hearing
The 60-day time period is now running. The employee must file his request for an appeal and hearing by a review panel within 15 days of receipt of the Board's decision. If the employee fails to make this request, his termination is final after the running of the 15 days, and he is entitled to be paid up to that date as discussed in step one above, unless he was suspended without pay under option three involving moral turpitude. If the employee has timely filed his request, we go to Step five.
Step 5The selection of an employee review panel
Part of the 60-day period has already run. How much depends upon how timely the Board gives the employee notice of the Board's decision to dismiss and how quickly the employee requests an appeal.
In this case, the Board made its decision to terminate on June 2, 1987. The Board notified Washington of its decision on June 2, 1987. By letter, dated June 15, 1987, Washington gave the Board timely notice of his intent to appeal the Board's decision. Section 36-26-105 sets out how the review panel is to be selected, and in this case, it appears from the record, that the Board and the employee have 47 days to (1) mutually agree upon one person to hear the appeal, or (2) select a panel and begin the hearing. The appellee's attorney contends on appeal, as before the trial court, that he spent a couple of months trying to get the appellant's attorney to agree to a person to hear the appeal. Section 36-26-105 does not require that either party agree on such a person, but one option provided is that they may mutually agree upon one person.
Section 36-26-105 provides the other option, the selection of a three member review panel. The Act does not specifically state the order in which the panel members must be selected; however, in reading the entire section, we hold that the Act places the responsibility on the Board to select the first member of the review panel, allows the employee to select the second member, and then provides further for the selection of the third member. Admittedly, the Act does not require the employee to make his selection within any time limitation after the Board selects the first member. In this case, the employee selected the second member almost immediately after the Board selected the first member; and immediately after that, the process through the probate judge was completed and a third member was selected. We find that our interpretation of the Act, requiring the Board to select the first member of the panel, is consistent with the provisions in § 36-26-105 which requires the Board to strike the first of the three names submitted by the Probate Judge in arriving at the final member. Certainly, phrases within the same section should be construed consistently with each other.
Further, in these cases, with a limited number of people willing to serve on these panels, there is some possible advantage to the employee getting to select the second member, since he then knows who the first member is going to be. Apparently, the legislature intended for the employee to have any advantage in making the second selection, since he is the one being dismissed.
The Board did not select the first member of the panel until August 11, 1987, some 70 days after the Board's decision, the 60-day time period having already passed; therefore, we need not address the issue of how quickly the employee must react after the process of selecting the panel is begun by the Board selecting the first member. Absent statutory revision of *893 this Act, each case will have to be considered in view of the time frame the parties are working within, in order to have the hearing within 60 days from the Board's decision.
Step 6The hearing and final disposition by the review panel
The hearing was set some 134 days after the Board's decision. Why? Certainly, the employee should not benefit from any improper delay or improper tactics on his part.
By letter, dated June 23, 1987, the Board's attorney advised Washington's attorney that he had called to see if they could agree on one person to hear the appeal and stated in the letter, "If we cannot, then we cannot." On the date of this letter, there were 39 days left to select the panel and begin the hearing.
It is interesting to note here that once the Board selected their first member by letter dated August 11, 1987, and received by Washington's attorney some one or two days later, Washington made his selection, and the probate judge had provided the three names to the parties by September 1, 1987. Therefore, we cannot conclude that Washington delayed, and neither was he required to agree on one person to hear the appeal.
The next correspondence from the Board's attorney to Washington's attorney was dated July 22, 1987, asking, "When are you going to give me the name of the person that you want to serve on the hearing panel on your client's appeal?" Now the board is asking Washington to select the first member of the panel, which we do not believe is Washington's responsibility.
Then, on July 29, 1987, the Board's attorney wrote Washington's attorney, stating, "We need to set up a hearing panel at once if we are going to do anything with this case." Indeed, only three days were left to select a panel and begin the hearing. There was further correspondence between the attorneys before the Board's letter of August 11, 1987, choosing Jack McEniry, Esquire, as its panel member; some 70 days after the Board's decision.
We need go no further in deciding this case since, clearly, the delay in beginning the selection process of the panel was due to the Board's failure to select the first member. After the process was begun, it appears the panel was selected expeditiously; however, that may have to be decided on a case by case basis. The hearing by the review panel shall begin no later than 60 days following the decision of the Board. The hearing itself may extend beyond the 60-day limit.
In this case, the Board, in effect, abandoned its attempt to terminate Washington by failing to select a member of the review panel until after the 60-day period mandated by § 36-26-106 had expired. Washington is entitled to receive all back pay and be returned to his job.
All other issues are pretermitted.
This case is reversed with directions to the trial court to grant the writ.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, J., concurs.
HOLMES, P.J., dissents.
HOLMES, Presiding Judge (dissenting).
I respectfully dissent.
It appears to me that the basis of the majority opinion is that § 36-26-105(2) requires the Board to select the first member of the review panel. With this conclusion, however, I disagree.
The statute in part states:
"Upon receipt of the request, the employing board and the employee may (1) mutually agree upon a person to hear the employee's appeal or (2) select a panel of three persons, one selected by the employing board, and another selected by the employee and a third agreed upon by the two parties listed hereinabove which shall constitute an employee review panel to hear the employee's appeal."
Ala.Code (1975), § 36-26-105 (emphasis added).
The above language does not specifically designate who shall go first in the selection *894 process in question, and to conclude that it should be the Board, in my opinion, is overreaching, particularly in view of the result reached by so concluding. If the legislature had intended for the Board to go first, it could have easily said so. In fact, in another part of the statute concerning another selection process, the legislature specifically designated who should "strike the first name."
Therefore, I find the majority's conclusion that the Board is to select first not to be the required interpretation of § 36-26-105(2) of the statute. In view of the above, the basis of the majority's conclusion is not correct, and reversal for the reason stated is not warranted. For this reason, I must dissent from the majority opinion.