INGRAM, Presiding Judge.
Julius Holifield (employee) was employed as a noncertified employee of the Birmingham Board of Education (board). At all times relevant to this action, the employee was subject to the Fair Dismissal Act (act), § 36-26-100 et seq., Ala.Code 1975.
In September 1988, pursuant to the act, the employee received written notice from the board of the proposed termination of his employment. The grounds for the proposed termination were insubordination *419 and good and just cause. The letter further stated that the proposed action was based upon the following conduct: “Possession of a gun at Pratt Elementary School on July 19, 1988, in violation of School Board Policy # 3131.” The employee gave written notice of his intention to contest the proposed termination. On November 2, 1988, the board voted to terminate the employee. The employee was then notified, at which time he gave written notice that he desired to appeal the board’s decision to the Employee Review Panel (review panel). The review panel selection process was then begun, and the ad hoc group was selected to hear the employee’s appeal. After the final panel member was selected, the board informed him by letter dated December 16, 1988, that the act mandated that the review panel hold a hearing no later than sixty days after the board’s November 2 decision to dismiss. The hearing was then scheduled in compliance with the act for December 28, 1988. However, at the request of the employee, the hearing was continued, and the review panel did not meet until January 19, 1989, which was more than sixty days after the board’s November 2 decision to dismiss. At the conclusion of the hearing, the review panel modified the board’s decision. After review by the circuit court, the case is now before this court.
The board raises several issues on appeal. However, we find its first argument to be dispositive. The board contends that the review panel lost jurisdiction to hear the ease because of its failure to convene within the sixty-day time period required by the act, specifically § 36-26-106. That provision, in part, is as follows: “The date of [the review panel] hearing shall in no case be later than 60 days following the decision of the employing board.”
As first pointed out in Bolton v. Board of School Commissioners of Mobile County, 514 So.2d 820 (Ala.1987), the Fair Dismissal Act is not a model of legislative clarity. The court even noted in Bolton that the act did not provide a procedure to ensure that the hearing take place within the sixty days or set out the penalties that might apply when certain deadlines are not met. However, what the courts have attempted to do on a case-by-case basis is to give effect to the overall purpose of the act. See Bolton, supra. In Bolton, the supreme court outlined six steps necessary for termination under the act. Then, this court, building on the six steps in Bolton, attempted to further interpret or construe the act. Washington v. Bessemer Board of Education, 547 So.2d 888 (Ala.Civ.App.1989). In further developing these six steps, we noted that the importance of Step 3 (the board’s decision to dismiss the employee) is the beginning of the sixty-day time period. Section 36-26-106 states that the date of the hearing by the review panel shall in no case be later than sixty days following the decision of the employing board. In Washington, we found that “[t]his provision [§ 36-26-106] leaves no room for judicial interpretation. The words ‘in no case’ mean simply that. They are not directory; they are mandatory.” Washington, supra, at 892. “The hearing by the review panel shall begin no later than 60 days following the decision of the Board.” Washington, supra, at 893 (emphasis added).
In Washington, the review panel did not convene within the sixty-day time period. Therefore, we had to make a determination as to who was at fault. We construed the act and found that the board is required to strike the first member of the review panel and that, in that instance, the delay in the review panel hearing was caused by the board’s failure to act within the sixty-day time period. We found that the board, in effect, abandoned its attempt to terminate the employee, and we ordered that the employee be returned to his job. However, we also stated that the employee “should not benefit from any improper delay or improper tactics on his part.” Washington, supra, at 893.
Here, it is undisputed that the hearing did not begin within sixty days from the board’s November 2 decision to terminate. The question thus becomes, Who was at fault for the delay? From a review of the record, it is clear that the board complied with all the applicable statutory require *420 ments. Further, after the employee requested a review panel hearing, the board initiated the process for selecting the review panel members. See Washington, supra. Further, after the employer designated his representative and made his strike, the board notified the neutral panel member of his selection. That letter informed the neutral panel member of the names of the other panel members and advised that the review panel hearing must be held no later than sixty days after the board’s November 2 decision. A hearing was then set within the sixty days. However, by affidavit, the neutral panel member stated that the employee contacted him and stated that he would be out of town and would like the hearing to be rescheduled. The hearing was finally begun on January 19, 1989.
Clearly, the board here, unlike the board in Washington, did not cause the delay in the beginning of the hearing. Rather, it was at the request of the employee that the hearing was begun outside of the sixty-day time period. Therefore, in view of our decision in Washington, we have no alternative but to find that the employee, in effect, abandoned his attempt to appeal the November 2 decision of the board to terminate him. Therefore, the board’s November 2 decision is considered final.
All other issues raised by the board are permitted.
We reverse and remand for entry of an order reinstating the board’s November 2 decision to terminate.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON and RUSSELL, JJ., concur.