PER CURIAM.
This is an appeal from an order of the Circuit Court of Talladega County granting the employer’s motion for summary judgment in an employee dismissal action.
Melvin Hutchinson (employee) was employed by the Alabama Institute for Deaf and Blind (employer) and was notified by letter dated May 4, 1988, of the proposed termination of his employment. A hearing was conducted on June 1, 1988, at which time the employee was informed that his employment was terminated as of that date. Pursuant to the Fair Dismissal Act, §§ 36-26-103 through -106, Ala.Code 1975, the employee’s attorney then timely notified the employer of the employee’s intent to appeal the termination and his request for a hearing on this matter.
On June 16, 1988, the employee contacted the employer regarding the selection of a review panel. On June 24, 1988, the employer notified the employee of the se *1306 lection of an employer representative to serve on the panel. It further suggested that, in order to expedite the selection of a third, neutral panel member, the parties request that the probate judge submit the names of three qualified candidates. At this stage, thirty-seven days remained of the sixty days in which the hearing was required to be commenced. § 36-26-106, Ala. Code 1975.
In a letter dated July 6,1988, the employee requested that the probate judge take such action. At the time of this request, twenty-five of the sixty days remained.
The probate judge’s response was not made until July 27, 1988, and was not actually received by the employee until August 1, 1988, one day after the sixty-day time limitation expired.
The present appeal concerns the mandate of § 36-26-106, part of the Fair Dismissal Act, that any hearing regarding the contest of an employee’s termination must be held within sixty days following the determination of the employing board. The employee contends that, because such a hearing was not conducted within the sixty-day time frame contemplated by this Act, the statute requires that he be reinstated to his former position and be awarded back pay.
This provision of the Fair Dismissal Act has repeatedly been subject to judicial interpretation. In Bolton v. Board of School Commissioners of Mobile County, 514 So.2d 820 (Ala.1987), the supreme court noted the lack of clarity resulting from the legislative passage of this Act. Although, as this court has ruled, the Act mandates that the reviewing panel begin its hearing within sixty days of the decision announcing the employee’s termination, Washington v. Bessemer Board of Education, 547 So.2d 888 (Ala.Civ.App.1989), it contains no procedure to ensure that this time provision is complied with, nor does it establish any penalty in the event of noncompliance. Rather, courts, when faced with situations in which the time limitation has not been met, have attempted to give effect to the overall purpose of this Act by assessing fault for any resulting delay on a case-by-case basis. See Bolton, 514 So.2d 820; Birmingham Board of Education v. Holifield, [Ms.Civ. 7249, February 14, 1990] (Ala.Civ.App.1990); Washington, 547 So.2d 888.
Here, it is uncontested that a review hearing was not begun within sixty days of the employer’s decision of June 1, 1988, to terminate the employee. The Act provides that only the employee review panel has authority to establish a hearing date. Ala. Code 1975, § 36-26-106. The process of selecting a panel for reviewing the employee’s termination must be initiated by the employer. Holifield [Ms. Civ. 7249, February 14, 1990]; Washington, 547 So.2d 888. Furthermore, members of the review panel consist of individuals selected by the employer and the employee, and may include a neutral member selected by the employer and the employee from a list of qualified candidates submitted by the judge of probate. Ala.Code 1975, § 36-26-105. Therefore, the Act necessarily contemplates cooperation among the parties in expeditiously selecting the review panel.
It is undisputed that the delay in this instance was caused by the probate judge’s late response to the employee’s request. The statute, however, is uninstructive as to how the acquisition of the list is to be made within the time period designated. In other words, the statute is unclear as to who has the burden of notifying the probate judge of his responsibility to develop the list and assuring that his response will be made early enough within the sixty-day period that the hearing can begin.
In following the Washington-Holifield “who’s at fault” analysis, the trial court reasoned that the employee was at “fault” because he initiated the acquisition of the list from the probate judge and “never advised the judge that the parties were operating under a time limitation nor that there was any need for swift action.” With this rationale we cannot agree.
As noted previously, the statute is silent as to whose burden it is to acquire the list from the probate judge in a timely fashion. We do not think, however, that *1307 this burden should be placed on the employee — even in this instance, where the employee initiated the acquisition. We are of the opinion that the employer is in a better position to bear this responsibility, and, therefore, that the duty should lie with the employer.
In reaching this conclusion, we are aware that we have liberally construed the Act in favor of the employee. We find a liberal construction here to be necessary to serve (if not save) the legislative purpose and intent of the Act. We can reasonably state that nonteacher employees are the primary intended beneficiaries of the Act with the purpose being to expedite a “fair and swift resolution of proposed employment terminations.” Bolton, 514 So.2d at 824. The Act, therefore, should be liberally construed to effectuate its purpose in favor of those who constitute the class designated as primary beneficiaries.
Furthermore, in Bolton the supreme court stated that “ ‘reasonableness’ must be read into the provisions of the ‘Fair Dismissal Act.’ ” 514 So.2d at 824. In reasonably interpreting the Act to benefit the nonteacher employee beneficiaries, we find that once an employee timely files notice of his intention to contest the termination — and absent any “improper delay or improper tactics on his part,” Washington, 547 So.2d at 893 — the employer is obligated to reasonably and responsibly pursue to conclusion the process it has begun.
In conclusion we find the trial court erred in finding the employee responsible for the lapsed hearing. Instead, we find that the employer did not act reasonably and responsibly by failing to pursue the process it had begun, thereby abandoning its original intention to terminate the employee’s position. The employee is entitled to receive all back pay and to be returned to his job.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.
RUSSELL, J., dissents.