RUSSELL, Judge,
dissenting.
I must respectfully dissent from the majority opinion. The employee contends that, as a result of the failure of the employee review panel to conduct its hearing within sixty days following the decision of the employing board, he is entitled to be reinstated to his position and to be awarded back pay from the date of his termination.
As the majority recognized, § 36-26-106 does not, by its terms, delineate responsibility for securing a list of candidates from the probate judge when that procedure is used to select the review panel. Consequently, it is my opinion that this provision contemplates a cooperative effort by the employing board and the employee in expeditiously obtaining such a selection.
Rather than adhering to this court’s past practice of assessing fault for such delays on a case-by-case basis, see Birmingham Board of Education v. Holifield [Ms. Civ. 7249, February 14, 1991] (Ala.Civ.App.1990), the majority opinion seeks to fill in the legislative gaps existing in the Act by placing the sole and complete responsibility for securing a list of candidates on the employing board.
The Act neither dictates which party possesses such responsibility, nor does it contain mandatory time frames within which each party must operate. Rather, the Act “employs counterbalancing duties and responsibilities for the execution of the termination process.” Bolton v. Board of School Commissioners of Mobile County, 514 So.2d 820, 824 (Ala.1987). As a result, it is my opinion that this court must make a determination as to which party was at fault for causing the delay.
In the instant action, the employer expeditiously responded to the employee’s request of June 16, 1988, that the employer contact him regarding the selection of the review panel. On June 24, 1988, the employer notified the employee of the selection of an employer representative to serve on the panel.
The employer further suggested that, in order to expedite the selection of a third, neutral panel member, the parties request that the probate judge submit the names of *1308 three qualified candidates. At this stage, thirty-seven days remained of the sixty days in which the hearing was required to be commenced.
The employee, however, did not directly respond to the employer, but instead, in his letter dated July 6, 1988, initiated the next step in the appeal process by directly requesting of the probate judge that he take such action. At the time of this request, twenty-five of the sixty days remained.
It is important to note that, in his request, the employee failed to inform the probate judge of the circumstances necessitating an immediate response in order to select the third panel member and to set the hearing date within the time frame mandated by law. Furthermore, the record reveals that at no time prior to the expiration of the sixty-day time limitation did the employee inquire of the judge reasons for his delay in providing a list of names.
The probate judge responded directly to the employee by letter dated July 27, 1988, and such letter was not actually received by the employee until August 1, 1988, one day after the sixty-day time limitation expired. The employer, however, did not receive a copy of the judge’s response, but instead was informed by the employee’s letter of August 1, 1988, that the list had not been timely submitted. The employee concomitantly demanded that, as a result of the failure to conduct the hearing within the mandated time frame, he be reinstated to his former position.
It is my opinion that fault for the delay in commencing the hearing, in this instance, is not attributable to the employer. Rather, noncompliance with the Act is the fault of the employee who set in motion a necessary element in the process and then failed to ensure its completion. See Bolton, 514 So.2d 820 (Ala.1987).
As I have noted, at the time of the employee’s request of the probate judge, twenty-five days remained within the sixty-day limitation. This clearly afforded the employee ample time to secure the list of candidates for the third position on the review panel. Had the employee acted more diligently in communicating the urgency of his request, or later investigated the cause of delay, compliance with the time provision of the Act would have been ensured. As this court stated in Washington v. Bessemer Board of Education, the employee “should not benefit from any improper delay or improper tactics on his part.” Washington, 547 So.2d 888, 893 (Ala.Civ.App.1989).
In my opinion, the employee failed to act reasonably or responsibly when he failed to pursue the nomination process he had initiated by making such a request of the probate judge. Because I find that the mandate of § 36-26-106 was not complied with due to delay for which the employee is at fault, I have no alternative other than to dissent from the majority opinion reversing the trial court’s grant of summary judgment in favor of the employer.