We issued the writ of certiorari in this case to review the Court of Civil Appeals' construction and application of the Fair Dismissal Act, Ala. Code 1975, § 36-26-100 et seq.
Melvin Hutchinson, an employee of the Alabama Institute for Deaf and Blind (hereinafter "AIDB"), was notified by letter dated May 4, 1988, of the proposed termination of his employment. A hearing was conducted on June 1, 1988; on that date, and after the hearing, Hutchinson was informed that his employment was terminated as of that date. Pursuant to the Fair Dismissal Act, §§ 36-26-103 through -106, Ala. Code 1975, Hutchinson's attorney then timely notified AIDB of Hutchinson's intent to appeal the termination and his request for a review hearing on this matter.
On June 16, 1988, Hutchinson contacted AIDB regarding the selection of a review panel. On June 24, 1988, AIDB notified Hutchinson of the selection of an AIDB representative to serve on the panel. It further suggested that in order to expedite the selection of a third, neutral panel member, the parties request that the probate judge submit the names of three qualified candidates. At this stage, 37 days remained of the 60 days in which the review hearing was required to be commenced (measuring from June 1). § 36-26-106, Ala. Code 1975. In a letter to the probate judge dated July 6, 1988, the employee requested that the probate judge take such action. At the time of this request, 25 of the 60 days remained. The probate judge did not respond until July 27, 1988, and the response was not actually received by the employee until August 1, 1988, one day after the expiration of the period.
On September 27, 1988, Hutchinson filed in the Talladega Circuit Court a petition for a writ of mandamus, or, in the alternative, a complaint for declaratory and injunctive relief against AIDB, the Board of Trustees of AIDB, and Dr. Jack Hawkins, as president *Page 1310 
of AIDB, challenging AIDB's alleged failure to comply with the 60-day requirement of the Fair Dismissal Act and requesting an order reinstating him to his job with AIDB. On September 13, 1989, the trial court entered a final order denying Hutchinson's motion for summary judgment and granting AIDB's motion for summary judgment. On appeal, the Court of Civil Appeals reversed the summary judgment for AIDB and ordered Hutchinson reinstated and awarded him back pay. Hutchinsonv. Alabama Institute for Deaf Blind, 578 So.2d 1305
(Ala.Civ.App. 1990).
The issue for review in this case is whether AIDB, under the Fair Dismissal Act, must reinstate Hutchinson because a review hearing was not held within the allotted time period as a result of the probate judge's failure to timely submit a list of prospective panel members. The purpose of the Act is "to provide non-teacher employees [of the public school system] with a fair and swift resolution of proposed employment terminations." Bolton v. Board of School Commissioners ofMobile County, 514 So.2d 820, 824 (Ala. 1987). The Act is not clear as to who bears the responsibility for each step required in the procedure established, and is silent with regard to some of the consequences of noncompliance. This Court has held that the Act should be construed, insofar as possible, to promote the purpose of the Act. Bolton,514 So.2d at 824. When the time limitations of the Act have not been met, courts have assessed fault for any resulting delay on a case-by-case basis. See Bolton, supra; BirminghamBoard of Education v. Holifield, [Ms.Civ. 7249, February 14, 1990] (Ala.Civ.App. 1990); Washington v. Bessemer Boardof Education, 547 So.2d 888 (Ala.Civ.App. 1989).
Section 36-26-106 provides that, once a review panel has been selected to hear a case, the panel has 10 days in which to set a date for the hearing, and that "such [a] hearing shall in no case be later than 60 days following the decision of the employing board." Once the board votes to dismiss an employee, the 60-day time period begins to run. Washington at 892. Section 36-26-105 outlines the actual process of appeal of an employing board's decision, specifically providing:
 "Upon receipt of the request, the employing board and the employee may (1) mutually agree upon a person to hear the employee's appeal or (2) select a panel of three persons, one selected by the employing board, and another selected by the employee and a third agreed upon by the two parties listed hereinabove which shall constitute an employee review panel to hear the employee's appeal. If there is no agreement on the selection of a third member within 10 days following the selection of the second member, the probate judge of the county in which the dispute originated shall submit the names of three individuals who are qualified electors of the same county who, in the probate judge's opinion, would be qualified through their experience and training to render a fair and impartial decision as the third member of the employee review panel and said persons selected for membership on the employee review panel shall not be currently employed in the field of education."
Section 36-26-105 does not specify which party is responsible for requesting from the probate judge a list of potential panel members, Bolton, 514 So.2d at 824. See alsoHutchinson, supra.
We cannot agree that, under the facts of this case, it was the employing board's responsibility to ensure that the probate judge acted within the 60 days allowed by the Act.
The employing board promptly selected its representative to hear the employee's appeal. Hutchinson, the employee, promptly selected his representative to serve on the panel. Apparently, there was no agreement on the selection of a third member, and, at the expiration of the 10-day period prescribed by the Act, Hutchinson asked the probate judge to submit the names of 3 persons who, in his opinion, would be qualified to serve as the third member of the appeal panel. He did not inform the probate *Page 1311 
judge that the selection must be made within a specific time to conform to the statute.
When he made the request of the probate judge, only 25 days remained of the 60 days allowed by the Act in which to select a panel to hear his appeal. Under these facts, we cannot agree with the Court of Civil Appeals that the employing board was in a better position to ensure the selection of three electors by the probate judge than was the employee. It was, after all, the employee who was appealing the employing board's decision to terminate his employment. The employing board had specifically followed the Act in terminating the employee. The employee, in pursuing his appeal, is likewise required to follow the Act specifically, and although, in this case, the "fault" fell on the probate judge, it was in the employee's interest to see that the probate judge acted within the time allowed by the Act.
We have remarked upon the lack of clarity in the Fair Dismissal Act and have noted that it places responsibilities on both the employer and the employee, and the Court of Civil Appeals has said that sanctions for "fault" in failing to specifically comply with the Act will be determined on a case-by-case basis. Holifield, supra; Bolton, supra. Here, it would be contrary to the spirit of the Act to require that the employee be automatically reinstated to his employment, from which he had been terminated after notice and hearing as required by the Act, because a panel was not selected to hear his appeal within the time required by the Act. Under the facts here, as between the employer and the employee, the employee was in a better position to ensure that the probate judge act within the prescribed time. The employee certainly is not entitled to automatic reinstatement under these facts.
Judge Marvin Cherner rejected a similar argument in a case in which the hearing was held after the 60-day time, without fault of the employer. Turner v. Lawson State CommunityCollege, No. 87-500-135-MC (10th Judicial Cir., Equity Div., February 17, 1987).[1]
We hold that the employee is not automatically entitled to reinstatement when the employer is not responsible for the delay in selecting a review panel to hear the employee's appeal, if the termination, as here, followed the procedure established by the Fair Dismissal Act.
The judgment of the Court of Civil Appeals is reversed and the cause is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and MADDOX, JONES, ALMON, HOUSTON, STEAGALL, and KENNEDY, JJ., concur.
[1] The petitioner has furnished a copy of the final order in Judge Cherner's case by way of appendix to its brief (to which the respondent raised no objection). That order reads as follows:
 "[T]he statute itself does not by its terms require the reversal of the decision of the employing board because the hearing by the employee review panel was not held within sixty days. The members of the employee review board consist of persons selected by . . . the employing board, the employee and the judge of probate. The members of the employee review panel are not all agents or representatives of the employing board and the employing board should not bear sole responsibility for the failure of the employee review panel to hear the appeal within the required sixty days. If the failure to hear the case within sixty days would in every case require reinstatement of the employee, the employee's representative on the review panel could obtain the reinstatement of the employee merely by delaying the date of the hearing.
 "Section 36-26-100 et seq., Alabama Code 1975, contemplated a cooperative effort by the employing board and employee looking to a hearing on the merits of the decision of the employing board which had the effect of terminating the employee's employment so as to avoid undue delay." *Page 1312