604 So.2d 422 (1991)
BIRMINGHAM BOARD OF EDUCATION, et al.
v.
Julius HOLIFIELD.
Civ. 7249.
Court of Civil Appeals of Alabama.
July 5, 1991.
Certiorari Denied October 11, 1991.
Alabama Supreme Court 1901609.

*423 ON APPLICATION FOR REHEARING FOLLOWING OPINION ON REMAND FROM SUPREME COURT
THIGPEN, Judge.
This court's opinion of May 31, 1991, is withdrawn and the following is substituted therefor.
The prior judgment of this court has been reversed and the cause remanded by the Supreme Court of Alabama. On remand to this court, and in compliance with the Supreme Court's opinion of February 15, 1991, 604 So.2d 420 (Ala.1991), the judgment of this court is set aside.
The facts in this case are sufficiently presented in our original opinion of February 14, 1990, 604 So.2d 418, and we decline to repeat them here.
In accordance with the instructions of the Supreme Court, we affirm the trial court as to the issue of jurisdiction. There are three issues raised by the Birmingham Board of Education (Board) remaining for our review: (1) Whether the employee review panel exceeded the scope of its jurisdiction by rendering a different decision than that of the Board regarding Holifield's punishment; (2) Whether the trial court erred by refusing to enter a writ of certiorari setting aside the employee review panel's decision; and (3) Whether the trial court erred by holding that the employee review panel could substitute its judgment for that of the Board, the Board contending that the panel usurped the Board's constitutionally authorized duty to make such decisions.
Ala.Code 1975, § 36-26-106, a part of the Fair Dismissal Act, provides for a hearing process which includes a de novo hearing before an employee review panel. Specifically, § 36-26-106 states:
"In making its decision, the panel shall consider whether the action of the board or its administrative staff was arbitrary or unjust ... and whether the board's action was warranted based upon the *424 facts of the case and the employment record of the employee."
The Board argues that the scope of the panel's de novo review is limited, given that it must consider the Board's decision in accordance with § 36-26-106. Further, the Board argues that the terms directing the scope and extent of the panel's review preclude it from substituting its wisdom for that of the Board. We disagree.
While the Fair Dismissal Act may not be a model of legislative clarity, § 36-26-106 makes at least four things perfectly clear: (1) the panel's review is de novo, (2) the panel considers whether the Board's actions were arbitrary, (3) the panel considers whether the Board's actions were warranted based on the facts of the case and the employment record of the employee, and (4) the panel's decision is binding.
When this court construes a statute, it has a duty to ascertain the legislative intent expressed in the statute. This intent may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Tin Man Roofing Co. v. Birmingham Board of Education, 536 So.2d 1383 (Ala.1988).
In the instant case, while the panel made no specific findings, presumably it determined that the decision by the Board to terminate the employee was simply not warranted, given the specific facts of the case, but that some punishment was in order. We do not find that the employee review panel's decision to reverse the Board's termination of Holifield and to modify his punishment defeats the purpose of the statute or that it defeats the legislative intent. Even if the panel's jurisdiction were limited to a consideration of the propriety of the decision to terminate, as the Board would have us hold, the panel could have still determined that termination was inappropriate. We hold that it is well within the discretion of the panel, given the language of the statute, to modify the punishment handed down by the Board when the facts do not support the Board's decision.
The next issue for our review is whether the trial court erred by refusing to set aside the employee review panel's decision pursuant to certiorari review. Since we have held that the panel's judgment complied with § 36-26-106, the trial court properly refused to set aside the panel's decision.
Finally, the Board maintains that the trial court erred by holding that the employee review panel could substitute its judgment for that of the Board, because, the Board argues, the panel usurped the Board's constitutionally authorized duty to make such decisions. We do not agree. The overall purpose of the Fair Dismissal Act is to provide nonteacher employees a fair and swift resolution of proposed employment terminations. Bolton v. Mobile City Board of School Commissioners, 514 So.2d 820 (Ala.1987). It is the role of the employee review panel to ensure that the dismissal procedure is constitutional, and this role is particularly important when there are questions, as there apparently were in the instant case, as to the appropriateness of the Board's judgment.
In view of the foregoing, the application for rehearing is overruled, and the judgment of the trial court is hereby affirmed.
ON REMAND OPINION OF MAY 31, 1991, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED ON REMAND.
RUSSELL, J., concurs.
ROBERTSON, P.J., concurs specially.
ROBERTSON, Presiding Judge, concurring specially.
Since I authored Washington v. Bessemer Board of Education, 547 So.2d 888 (Ala. Civ.App.1989), I write to restate some of that case concerning the 60-day provision.
In the supreme court's opinion of February 15, 1991, 604 So.2d 420, at 422 (Ala. 1991), the court stated that in Washington:
"The Court of Civil Appeals held that the legislature's intent was for the Board to select the first member of the panel. Because the Board caused the delay, *425 the court held that the panel was not bound by the 60-day provision; to apply that provision would unfairly penalize the employee, the court said. The court also noted that an employee cannot benefit from his own improper delays or tactics."
(Emphasis added.)
In Washington, at 892, after holding that it was the Board's responsibility to select the first member of the review panel, we stated:
"The Board did not select the first member of the panel until ... some 70 days after the Board's decision, the 60-day time period having already passed....
"....
"The hearing [by the review panel] was set some 134 days after the Board's decision....
"....
"... [T]he Board, in effect, abandoned its attempt to terminate Washington by failing to select a member of the review panel until after the 60-day period mandated by § 36-26-106 had expired."
The Board's delay caused the review panel to be unable to set the hearing within the 60-day period mandated by § 36-26-106, and, because the panel was bound by the 60-day provision, the Board's delay constituted an abandonment of its attempt to terminate Washington. Consequently, the writ of mandamus was due to be granted reinstating Washington to his job with all back pay.
In the original opinion of this case, the employee was found to have caused the hearing by the review panel to be set beyond the 60-day period and, in effect, to have abandoned his appeal.
However, evidence presented to the supreme court on certiorari apparently showed that all the parties (the Board, the employee, and the review panel) agreed to continue the hearing, because of the Christmas holidays, beyond the 60-day limit. The supreme court held that this short delay, by agreement of the parties, was not improper. Consequently, in this fact situation, the review panel did not lose jurisdiction and was not bound by the 60-day provision. In Washington, it was.