Since I authored Washington v. Bessemer Board of Education,547 So.2d 888 (Ala.Civ.App. 1989), I write to restate some of that case concerning the 60-day provision.
In the supreme court's opinion of February 15, 1991,604 So.2d 420, at 422 (Ala. 1991), the court stated that inWashington:
 "The Court of Civil Appeals held that the legislature's intent was for the Board to select the first member of the panel. Because the Board caused the delay, *Page 425 the court held that the panel was not bound by the 60-day provision; to apply that provision would unfairly penalize the employee, the court said. The court also noted that an employee cannot benefit from his own improper delays or tactics."
(Emphasis added.)
In Washington, at 892, after holding that it was the Board's responsibility to select the first member of the review panel, we stated:
 "The Board did not select the first member of the panel until . . . some 70 days after the Board's decision, the 60-day time period having already passed. . . .
". . . .
 "The hearing [by the review panel] was set some 134 days after the Board's decision. . . .
". . . .
 ". . . [T]he Board, in effect, abandoned its attempt to terminate Washington by failing to select a member of the review panel until after the 60-day period mandated by § 36-26-106 had expired."
The Board's delay caused the review panel to be unable to set the hearing within the 60-day period mandated by § 36-26-106, and, because the panel was bound by the 60-day provision, the Board's delay constituted an abandonment of its attempt to terminate Washington. Consequently, the writ of mandamus was due to be granted reinstating Washington to his job with all back pay.
In the original opinion of this case, the employee was found to have caused the hearing by the review panel to be set beyond the 60-day period and, in effect, to have abandoned his appeal.
However, evidence presented to the supreme court on certiorari apparently showed that all the parties (the Board, the employee, and the review panel) agreed to continue the hearing, because of the Christmas holidays, beyond the 60-day limit. The supreme court held that this short delay, by agreement of the parties, was not improper. Consequently, inthis fact situation, the review panel did not lose jurisdiction and was not bound by the 60-day provision. In Washington, it was.