I believe the employees in this case are protected by the Fair Dismissal Act (FDA), § 36-26-100 et seq., Ala. Code 1975. Therefore, I must respectfully dissent from that portion of the opinion holding that they are not. The stated purpose of the FDA is "[t]o provide for fair dismissal procedures for nonteachers and non-certified or classified employees in the public school systems [and] two-year institutions under control of the State Board of Education." 1983 Ala. Acts, Act No. 83-644 (title to the act). Our supreme court has noted that the FDA "is not a model of legislative clarity." Bolton v. Board of School Commissioners ofMobile County, 514 So.2d 820, 824 (Ala. 1987).
For purposes of the FDA, "employees" is defined as follows:
 "The term `employees,' as used in this article, is deemed to mean and include all persons employed by county and city boards of education, two-year educational institutions under the control and auspices of the state board of education, the Alabama Institute for Deaf and Blind not to include production workers at the Alabama Industries for the Blind, educational and *Page 682 
correctional institutions under the control and auspices of the Alabama department of youth services, who are so employed as bus drivers, lunchroom or cafeteria workers, maids and janitors, custodians, maintenance personnel, secretaries and clerical assistants [sic] supervisors and all other persons not otherwise certified by the state board of education. Only full-time employees who are not otherwise covered by the state merit system, the teacher tenure law, or other state statute at the time this article is adopted are intended to be covered by this article. Full-time employees include (a) adult bus drivers and (b) other employees whose duties require 20 or more hours in each normal working week of the school term, employing board holidays excepted. Substitute teachers and substitute employees are excluded from the article."
§ 36-26-100, Ala. Code 1975 (emphasis added). The College is under the control and auspices of the State Board of Education. § 16-60-111.4, Ala. Code 1975. The status of both McLeod and Dinkins, with regard to the College, was that of "full-time temporary" instructors. Instructors such as McLeod and Dinkins are not required to be certified by the State Board of Education. Section 16-23-1, Ala. Code 1975, states: "No person shall be employed in the public schools of the state as county superintendent of education, city superintendent of schools, assistant superintendent, supervisor, principal, teacher or attendance officer unless such person shall hold a certificate issued by the State Superintendent of Education." For purposes of the Teacher Tenure Act, "teacher" is defined as follows:
 "The term `teacher,' as employed in this chapter, is deemed to mean and include all persons regularly certified by the teacher certificating authority of the State of Alabama who may be employed as instructors, principals or supervisors in the public elementary and high schools of the State of Alabama and persons employed as instructors, principals or supervisors in the Alabama Institute for Deaf and Blind, Alabama Industrial School for Boys, Alabama Industrial School for Girls and Alabama Industrial School at Mt. Meigs."
§ 16-24-1, Ala. Code 1975. McLeod and Dinkins are not within the definition of "teacher" set out by § 16-24-1, and, therefore, are excluded by the Teacher Tenure Act. Additionally, a review of the Merit System Act, § 36-26-1 et seq., Ala. Code 1975, reveals that instructors such as McLeod and Dinkins are not "otherwise covered" by it.
I believe that employees such as McLeod and Dinkins, who are full-time employees, who are not required to be certified by the State Board of Education, and who are otherwise excluded from coverage by the state merit system, the Teacher Tenure Act, or other statutes, are protected by the FDA. To hold otherwise would mean that full-time employees such as McLeod and Dinkins would not be afforded the same protection that other state employees are guaranteed in dismissal or termination proceedings.
ROBERTSON, P.J., concurs.