In August 1998, Crawford King sued Calhoun Community College, seeking a declaratory judgment holding that the College was violating a State Department of Postsecondary Education recommendation which the College adopted to determine the seniority of instructors for employment during the summer school term. King is an instructor at the College. In his complaint, King alleged that the College's violation of the Department's policy would adversely affect his summer-term seniority at the College. The College filed a motion to dismiss, which the trial court granted. King appeals.
A motion to dismiss is proper when no set of facts exists that would support the plaintiff's claim. Feore v. Feore,627 So.2d 411 (Ala.Civ.App. 1993). On such a motion, the court considers the possibility, not the probability, of the plaintiff's success in pursuing his claim. Davis v. University of Montevallo,586 So.2d 27 (Ala.Civ.App. 1991). On appeal from an order granting a motion to dismiss, this court is to view "the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief."Phillips v. Opp Micolas Cotton Mills, Inc., 445 So.2d 927, 929
(Ala.Civ.App. 1984).
The trial court stated that it dismissed King's declaratory-judgment complaint because, it said, the proper venue for the complaint was Montgomery County, rather than Morgan County. The trial court apparently concluded that King's complaint was governed by the Alabama Administrative Procedure Act ("AAPA"), Ala. Code 1975, § 41-22-1 et seq, and that § 41-22-10 required that the complaint be filed in Montgomery County. However, §41-22-3 exempts the College from the application of the AAPA. Also, our supreme court has held that proper venue for an action against a postsecondary institution is the county in which the institution has its principal office. Ex parte James, 684 So.2d 1315
(Ala. 1996). See McLeod v. Beaty, 718 So.2d 682 (Ala. 1998); and Ward v. Wortham, 706 So.2d 1238 (Ala.Civ.App. 1997) (actions against state community colleges were filed in the counties in which the colleges were located). Therefore, we conclude that the trial court erred by holding that the proper venue was Montgomery County. Morgan County, the location of the College, is the proper venue.
The College contends that, although the trial court erred by concluding that venue was proper in Montgomery County, the dismissal should be affirmed because King's complaint does not satisfy the requirements of a declaratory-judgment action. If the trial court enters a judgment for a wrong reason, but a correct reason supports the judgment, then the judgment will be affirmed.MacLean v. Moon, 567 So.2d 349 (Ala.Civ.App. 1990). Therefore, we will consider whether King's complaint satisfies the requirements for a complaint seeking a declaratory judgment:
King's complaint states:
 "1. [King] is a tenured instructor in the Social Sciences Division at [the College].
 "2. [The College] is a state supported college located in Decatur, Alabama.
 "3. [King] avers that there exists an actual justiciable controversy between the parties upon which substantial *Page 797 
property rights are dependent as to seniority for summer school rotation.
 "4. Seniority is the basis upon which faculty, which includes [King], selects which classes said faculty will teach.
 "5. In 1998, pursuant to a duly filed grievance with [the College], an attempt was made to address seniority for purposes of summer employment. Recommendations were made by the Alabama Department of Postsecondary Education as to this issue. Said recommendation, which was that part-time teaching could not be used for determining seniority, was adopted by the [College] in January, 1996.
 "6. In March, 1996, this policy was rescinded again and a new policy implemented.
 "7. On September, 1997, yet another policy was implemented regarding the determination of seniority for purposes of summer employment. Under the 1997 policy, credit is now being given for past part-time employment with [the College].
 "8. Said policy implementation is contrary to the Alabama Department of Postsecondary Education recommendations and adversely effects the terms of [King's] and others' employment with the university.
 "9. [King] avers that he has exhausted his administrative remedies with [the College] and this matter is ripe for adjudication."
In order for a court to hear a declaratory-judgment action, a justiciable controversy must presently exist that presently affects the legal rights or obligations of the parties.Town of Warrior v. Blaylock, 275 Ala. 113, 152 So.2d 661 (1963);Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273
(1936). King alleges in his complaint that his seniority for teaching summer classes at the College is threatened by the College's practice for determining seniority. King also alleges that the College's practice for determining seniority violates the policy of the Department of Postsecondary Education which the College adopted to determine seniority. We conclude that King's complaint does allege an existing justiciable controversy that is proper for adjudication in a declaratory-judgment action.
The judgment dismissing King's declaratory-judgment complaint is reversed, and this cases is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates and Thompson, JJ., concur.
Monroe, J., concurs in the result.