Peggy Tatum appeals from the trial court's dismissal of her complaint for declaratory and injunctive relief and her petition for a writ of mandamus filed against Dr. Alma Freeman, interim president of Trenholm State Technical College ("Trenholm State"), and Trenholm State (hereinafter collectively referred to as "the defendants"). We dismiss Tatum's appeal.
On September 14, 2001, Tatum filed a complaint against the defendants for declaratory and injunctive relief and also filed a petition for a writ of mandamus. On September 24, 2001, the defendants filed a motion to dismiss the complaint and the petition. On November 21, 2001, Tatum filed an amended complaint, including a petition for a writ of certiorari. On December 3, 2001, the defendants filed a motion to dismiss Tatum's amended complaint. On May 6, 2002, the trial court entered an order dismissing Tatum's complaint for declaratory and injunctive relief and her petition for a writ of mandamus. The trial court's order further stated that it would review the case if Tatum filed an amended petition for a writ of certiorari within 10 days that complied with the requirements of § 41-22-20, Ala. Code 1975. On May 15, 2002, Tatum filed a motion to alter, amend, or vacate the trial court's judgment; the trial court denied that motion on June 12, 2002. On July 23, 2002, Tatum filed a notice of appeal to this court.
The trial court's May 6, 2002, order dismissed Tatum's complaint for declaratory and injunctive relief and her petition for the writ of mandamus. The trial court did not dismiss Tatum's petition for writ of certiorari, but rather provided Tatum an opportunity to amend her pleading.[1] *Page 980 
Furthermore, it did not enter a Rule 54(b), Ala.R.Civ.P., certification of finality as to the claims it had dismissed. Therefore, the trial court's order did not dispose of all claims between Tatum and the defendants; it is a nonfinal judgment. "When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu." Powell v. Republic Nat'l Life Ins.Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974) (citing Taylor v. MajorFin. Co., 289 Ala. 458, 268 So.2d 738 (1972); Tarvin v. Tarvin,266 Ala. 214, 95 So.2d 397 (1957)). Accordingly, we dismiss Tatum's appeal.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
[1] While the trial court's order also provided that "[a]ny pleadings filed [after 10 days of the date of its order] will be deemed untimely filed and will be denied," the record discloses no subsequent entry of judgment, dismissal or otherwise, on Tatum's petition for a writ of certiorari.