Gwenevere L. Jones appeals from a summary judgment in favor of Dr. Yvonne Kennedy, president of Bishop State Community College ("BSCC"). Jones, who was employed by BSCC as a cashier at the college bookstore, challenges the termination of her employment by Dr. Kennedy. After her employment was terminated, Jones sued Dr. Kennedy, in her official capacity as president of BSCC. She sought a judgment declaring her rights under the Fair Dismissal Act, § 36-26-100 et seq., Ala. Code 1975 ("the FDA"), and sought to be reinstated in her position at BSCC, with full backpay (including interest) and benefits. In the alternative, she also sought a writ of mandamus compelling Dr. Kennedy to reinstate her to her position, with full backpay and benefits. Jones claims she is entitled to relief because a hearing by an employee-review panel was not held within 60 days of the decision to terminate her as required by § 36-26-106, Ala. Code 1975, a part of the FDA. *Page 977 
On January 23, 2003, Dr. Kennedy filed a motion to dismiss or, in the alternative, for a judgment on the pleadings on the basis of State-agent immunity. Jones amended her complaint on March 7, 2003, and filed a motion for a summary judgment on February 28, 2003.
On April 1, 2003, the trial court denied Jones's summary-judgment motion and granted Dr. Kennedy's motion, which, because the trial court considered matters outside the pleadings, had been converted to a motion for a summary judgment. Jones appealed the summary judgment for Dr. Kennedy to this Court. Dr. Kennedy filed a cross-appeal from the summary judgment (case no. 1021379); this Court, on August 8, 2003, dismissed the cross-appeal ex mero motu. We reverse and remand.
 I. Facts
Jones was a nonprobationary employee of BSCC as the term "employee" is defined in § 36-26-100, Ala. Code 1975. She was notified on July 9, 2002, that her employment was being terminated effective July 31, 2002. Calculated from the date of that notification, the 60-day period established by §36-26-106[1] within which the employee-review panel must hold an initial hearing on the matter expired on September 7, 2002. BSCC is a two-year educational institution as that term is used in § 36-26-100, a part of the FDA. Dr. Kennedy's reason for terminating Jones's employment was immoral conduct; her employment was terminated following an audit-investigation and a preliminary hearing regarding missing cash from the campus bookstore. Jones, as the clerk of the bookstore, was responsible for the cash.
On July 24, 2002, by hand-delivered letter, Jones timely appealed her dismissal, demanding a hearing by a three-person employee-review panel under the FDA.[2] Dr. Kennedy had 60 days from the date of Jones's termination within which to ensure that the employee-review panel held a hearing on Jones's dismissal. Jones sent additional letters on July 30, 2002, and August 19, 2002, requesting the name of the attorney who would handle the matter for Dr. Kennedy and reminding Dr. Kennedy of the 60-day time limit in § 36-26-106. On August 26, 2002, 33 days after receiving Jones's letter appealing her termination, Willie Huntley, the attorney for Dr. Kennedy, contacted Jones. On August 27, 2002, pursuant to the procedure set out in § 36-26-105, Huntley and Jones made their respective selections of individuals to serve on the three-person employee-review *Page 978 
panel. Because the parties could not agree on the third member, Huntley, on August 28, 2002, 10 days before the 60-day period expired, sent a letter to the Mobile County Probate Court seeking the names of three individuals to fill the third position on the employee-review panel. See § 36-26-105, Ala. Code 1975. On September 5, 2002, 8 days later and 2 days before the 60-day period under the FDA was to expire, the probate court provided a list. Huntley received the list on September 7, 2002. Jones notified Huntley on September 10, 2002, that the time the FDA provided within which a hearing could be held had expired and that by law her termination should be considered to have been abandoned and her employment reinstated. Huntley made a "strike" from the list on September 13, 2002, 6 days after the 60-day period had expired; Jones made her "strike" on September 18, 2002. John D. Lilly, Jr., became the third member of the employee-review panel, and on September 27, 2002, Jones's attorney sent a letter instructing the three members of the employee-review panel to establish a date for the hearing within 10 days, pursuant to § 36-26-106.
On October 18, 2002, both parties were notified that John D. Lilly, Jr., would not be able to serve because of a sudden and unexpected illness. On October 21, 2002, Jones requested Huntley to resubmit a request to the Mobile County Probate Court for a second list of three names of individuals to serve on the employee-review panel. Huntley made the request to the probate court on October 25, 2002. The probate judge prepared and presented the new list on November 7, 2002.
Jones wrote letters on November 20 and November 27, 2002, requesting that Dr. Kennedy make her "strike" from the second list sent by the probate judge. On December 18, 2002, Jones filed this action, alleging that Dr. Kennedy had violated Jones's constitutional right by failing to carry out her obligations in the selection of the employee-review panel. Further, Jones alleged that she was entitled to immediate reinstatement of her employment with backpay, including interest, and benefits.
Huntley made a "strike" from the second list on January 15, 2003. On January 27, 2003, Jones made her strike from the second list. A hearing pursuant to the FDA had not been held or scheduled as of February 28, 2003, when Jones filed her motion for a summary judgment.
II. Analysis
 "`In reviewing the disposition of a motion for summary judgment, "we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact" and whether the movant was "entitled to a judgment as a matter of law." Wright v. Wright, 654 So.2d 542 (Ala. 1995); Rule 56(c), Ala.R.Civ.P.'"
Pittman v. United Toll Sys., LLC, 882 So.2d 842, 844 (Ala. 2003). "`When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue.Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988).'"Pittman, 882 So.2d at 844; see also Williams v. State FarmMut. Auto. Ins. Co., 886 So.2d 72 (Ala. 2003). Furthermore, Rule 56, Ala.R.Civ.P., must be read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975. "In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of *Page 979 
the fact sought to be proved.'" Cottingham v. McKee,821 So.2d 169, 171 (Ala. 2001) (quoting West v. Founders Life AssuranceCo. of Florida, 547 So.2d 870, 871 (Ala. 1989)).
Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.Pittman, supra; Wilma Corp. v. Fleming Foods, Inc.,613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc.,564 So.2d 412, 413 (Ala. 1990); Harrell v. Reynolds Metals Co.,495 So.2d 1381, 1383 (Ala. 1986); and Wilson v. Brown, 496 So.2d 756, 758
(Ala. 1986).
The entire theory of recovery Jones relies on is that the hearing of her appeal by the employee-review panel was not held within the 60-day period set out in § 36-26-106, Ala. Code 1975, thus denying Jones her rights under the FDA. If Jones is correct, Jones's remedy would include reinstatement to her former position, with full backpay, and the reinstatement of her benefits. Washington v. Bessemer Bd. of Educ., 547 So.2d 888,893 (Ala.Civ.App. 1989) (overruled on other grounds, Ex parteBirmingham Bd. of Educ., 601 So.2d 93 (Ala. 1992)). Jones had a right to a hearing before the employee-review panel in accordance with § 36-26-106 because she properly initiated, within the applicable time limits, the appeal of her termination pursuant to § 36-26-105. Under § 36-26-105, Jones and Dr. Kennedy could either "(1) mutually agree upon a person to hear [her] appeal or (2) select a panel of three persons, one selected by the employing board, and another selected by the employee and a third agreed upon by the two parties." Section 36-26-105 provides that if the parties cannot agree on the third panel member, then they may request from the probate judge of the county in which the dispute originated a list of the names of three individuals who could serve as the third member of the employee-review panel. Once the parties receive the list from the probate judge, the employing board strikes the first name, the employee strikes the second name, and the remaining name becomes the third member of the employee-review panel.
It is undisputed that a hearing by the employee-review panel was not held within 60 days of Jones's termination as required by § 36-26-106. Jones filed her complaint in circuit court on December 18, 2002, over five months after she was notified of her termination. No hearing on her appeal had yet taken place. Therefore, this Court must decide whether Jones presented substantial evidence indicating that Dr. Kennedy was more at fault than was she for the failure to hold the hearing within the requisite 60 days. See Ex parte Alabama Inst. for Deaf Blind,578 So.2d 1308 (Ala. 1991). Although the hearing itself may continue beyond the 60-day period, it must begin within the 60-day period. Washington v. Bessemer Bd. of Educ., 547 So.2d at 892 (overruled on other grounds, Ex parte Birmingham Bd. ofEduc., supra).
The purpose of the FDA is to provide nonteacher employees a fair and swift resolution of any disputes regarding employment terminations. Bolton v. Board of School Comm'rs of MobileCounty, 514 So.2d 820, 824 (Ala. 1987). As this Court noted inBolton, the FDA is not a model of legislative clarity, and "[a]s with any statute, `reasonableness' must be read into the provisions" of the FDA. 514 So.2d at 824. This Court in Bolton
held that the FDA should be construed, insofar as possible, to promote the purpose of the FDA. 514 So.2d at 824. When the time limitations set out in the FDA are not met, courts have assessed fault for the resulting delays on a case-by-case basis. Specifically, *Page 980 
"the facts of each case will have to be considered in determining whether the parties would be bound by the 60-day requirement of § 36-26-106." Ex parte Holifield, 604 So.2d 420, 421 (Ala. 1991);Washington, 547 So.2d at 892. A closer look at the factual scenarios and the outcomes of three previous cases — Washington,Ex parte Holifield, and Ex parte Alabama Institute for Deaf Blind — guides this Court in determining whether the parties here will be bound by the 60-day requirement of § 36-26-106.
In Washington, the employing board did not select the first member of the review panel until the 60-day period had expired. The Court of Civil Appeals held that the Legislature's intent was for the employing board to select the first member of the panel. Because by failing to select the first member the employing board caused the delay, the court ruled that the "[b]oard, in effect, [had] abandoned its attempt to terminate Washington," and the employing board was ordered to reinstate Washington. 547 So.2d at 893.
In Ex parte Holifield, the employing board, the employee, and the employee-review panel all agreed, because of the Christmas holidays, to waive all objections to holding the hearing outside the 60-day period. 604 So.2d 420. The Court held that this short delay, by agreement of the parties, was not improper. Thus, the Court held that the employee-review panel did not lose jurisdiction to hear the appeal simply because the hearing was continued beyond the 60-day period. 604 So.2d at 422.
In Ex parte Alabama Institute for Deaf Blind, a review hearing was not held within the 60-day period because the probate judge failed to timely submit a list of names of prospective panel members. The Court held that an employee is not automatically entitled to reinstatement when the delay in selecting an employer-review panel to hear the employee's appeal is not the fault of the employing board. Therefore, the principle pronounced in Alabama Institute is that, if the employing board followed the procedure established by the FDA and the failure to hold a hearing within 60 days of the employee's termination was not the fault of the employing board, then the employee is not entitled to automatic reinstatement.
The hearing in Jones's case was not held within the 60-day period. The trial judge ruled that "the fault [for the hearing not being held within the 60-day period] lies with both sides." The trial judge believed that if the delay in holding the hearing is attributable to one party, that party should be held accountable for the delay. However, because the trial court here viewed both parties as being equally responsible for the delays, it asked, "Why should the Court `pick one' [party]" to be at fault? See Ex parte Holifield, 604 So.2d at 420. The trial court also quoted Woodham v. Alabama Aviation TechnicalCollege, 537 So.2d 934, 936 (Ala.Civ.App. 1988): "A law should never be interpreted so as to reach an illogical or unreasonable result." The trial judge obviously considered Jones's automatic reinstatement with backpay and benefits, simply because a hearing had not been held within the 60-day period, to be an "illogical and unreasonable result."
This Court has stated that the FDA requires all parties to act reasonably and responsibly once the termination process begins.Bolton, 514 So.2d at 824. Where one party is responsible for delaying the hearing beyond the 60-day period, that party shall suffer the consequences. Thus, we must determine whether Jones presented substantial evidence indicating that Dr. Kennedy, and not Jones, was the primary cause of the delay that caused the *Page 981 
hearing not to be held within the 60-day period.
Dr. Kennedy's July 9, 2002, notification to Jones that her employment was to be terminated effective July 31, 2002, triggered the running of the 60-day period. See Washington, 547 So.2d at 892. The 60-day period expired on September 7, 2002. Therefore, we must analyze the actions of Jones and Dr. Kennedy before September 7, 2002, to determine which party acted unreasonably and which party was therefore responsible for the delay.
Jones notified Dr. Kennedy on July 24, 2002, within the 15-day period set out in § 36-26-105, that she was appealing her termination. Jones sent two more letters on July 30 and August 19, 2002, advising Dr. Kennedy of her decision to appeal to a three-person employee-review panel and seeking the name of the attorney who would handle the matter for Dr. Kennedy. On August 26, 2002, Willie Huntley, the attorney for Dr. Kennedy, first contacted Jones; at that time the 60-day period was to expire in 12 days. Dr. Kennedy, through Huntley, first responded to Jones's decision to appeal 33 days after Jones first indicated her intention to appeal and 48 days after notifying Jones of the decision to terminate her employment. Based on the facts before us, it appears that the parties could not "mutually agree upon a person to hear the . . . appeal," requiring that a three-person employee-review panel be selected to hear Jones's appeal. §36-26-105, Ala. Code 1975. Jones could not proceed until Dr. Kennedy chose the first member of the three-person employee-review panel, because the statute places the responsibility on the employing board to select the first member and allows the employee to select the second member.Washington, 547 So.2d at 892.
Dr. Kennedy made her selection on August 27, 2002; Jones made her selection that same day. Dr. Kennedy's lawyer then requested and received from the probate court the list of three potential members. Section 36-26-105 requires the employing board to strike the first of the three names submitted by the probate judge in arriving at the final member. Dr. Kennedy's lawyer received the list from the probate court on the day the 60-day period expired, and the 60-day period expired while Jones waited for Dr. Kennedy to make her first strike from the list. See Washington, 547 So.2d at 892.
All of Jones's actions in the appeal process were timely, and no responsibility for the delays can be attributed to her. Much, if not all, of the delay was the result of Dr. Kennedy's slow response to Jones's appeal. Thirty-four days passed from the time Jones notified Dr. Kennedy that she was appealing and Dr. Kennedy's first selection of a member for the panel. Knowing that from July 24, 2002, the date Dr. Kennedy was notified of Jones's appeal, only 45 days remained for both parties to choose a three-member employee-review panel and for the panel to hold a hearing, Dr. Kennedy did nothing to respond to Jones's appeal letter until only 12 days remained before the deadline ran on September 7. Although it took 10 days to receive the list of potential members from the probate court, a 10-day delay attributable to the probate court cannot be compared to Dr. Kennedy's 34-day delay; therefore, we conclude that the probate court was not the primary cause of the delay and that Jones's case is distinguishable from Ex parte Alabama Institute for Deaf Blind.
In Ex parte Alabama Institute for Deaf Blind, the employing board responded to the employee's letter notifying the employing board of the employee's decision to appeal the termination within eight days of *Page 982 
receiving the letter. On the date the parties in that case requested the probate court to submit its list of candidates for the third panel member, 25 days remained before the 60-day period expired. The employee did not receive a response from the probate court until the fifty-ninth day. In this case, the hearing could not be held within the 60-day period primarily because of Dr. Kennedy's initial 34-day delay — not because of any delay by Jones or the 10-day delay attributable to the probate court. Thus, Dr. Kennedy's actions prohibited the swift resolution of the proposed termination of Jones's employment. As was the case with the employing board in Washington, which "in effect, abandoned its attempt to terminate Washington by failing to select a member of the review panel until after the 60-day period mandated by § 36-26-106 had expired," 547 So.2d at 893, Dr. Kennedy's initial delay in beginning the process of choosing a panel was the primary reason the hearing was not held within the 60-day period, and Dr. Kennedy also could be deemed to have "abandoned [her] attempt to terminate [Jones]." Any other result might encourage employing boards terminating employees who are subject to the statute to push the limits of the deadlines in hopes that a subsequent delay, perhaps by the employee or by the probate court, would relieve the employing board of its responsibility to act expeditiously at all stages of the appeal process, as is the clear purpose of the FDA. See Bolton, supra.
Finally, Dr. Kennedy also argues that her motion to dismiss based on State-agent immunity was a proper motion and that converting it into a summary-judgment motion was not necessary. However, this action was brought by Jones to compel Dr. Kennedy to perform a legal duty — to reinstate Jones's employment — and for the court to declare Jones's rights under the FDA. "A state official is not immune from a suit to compel the performance of a legal duty . . . or a suit brought under the Declaratory Judgment Act." Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989). This action is not a tort action, and Jones properly sought court action to declare the parties' rights under the FDA and to compel Dr. Kennedy to recognize those rights under Alabama law. Thus, the trial court properly rejected Dr. Kennedy's immunity argument and converted Dr. Kennedy's motion to dismiss based on immunity into a summary-judgment motion.
 III. Conclusion
Our review of the facts as shown in the record of this case indicate that the employing board was primarily responsible for the delay that caused the employee-review panel to fail to hold its hearing within the 60-day period mandated under § 36-26-106, Ala. Code 1975. It was foreseeable that Dr. Kennedy's 34-day delay in responding to Jones's initial letter notifying her of Jones's appeal would push too many events too close in time to the 60-day deadline, making it improbable that the deadline could reasonably have been met. Therefore, we reverse the summary judgment and remand this case to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
HOUSTON, SEE, LYONS, WOODALL, and STUART, JJ., concur.
[1] Section 36-26-106, Ala. Code 1975, provides, in pertinent part:
 "Upon the employee review panel's selection to hear a case, the panel shall within 10 days establish a date, place, and time for the hearing to be conducted. The date of such hearing shall in no case be later than 60 days following the decision of the employing board."
In this case Dr. Kennedy acted alone in terminating Jones's employment. Jones does not contest Dr. Kennedy's ability to serve as BSCC's "employing board."
Section 36-26-106 also requires the employee-review panel to "establish a date, place, and time for the hearing" within 10 days of its selection to hear a case and to render a decision within 45 days of the completion of the hearing. The deadlines in § 36-26-106 indicate the Legislature's intent to ensure that proceedings held pursuant to the FDA are handled expeditiously. If all goes according to the time limits in the statute, the employee-review panel should issue a final decision no later than 105 days after the employing board has notified the employee of its intent to terminate the employee's employment. In this case, if the time limits in § 36-26-106 had been met, a final decision would have issued no later than October 22, 2002.
[2] Section 36-26-105, Ala. Code 1975, provides that the employee must file an appeal of the termination decision within 15 days of receipt of the decision. *Page 983