[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1215 
This case involves Peggy Tatum's termination as an employee of Trenholm State Technical College ("Trenholm State") by Trenholm State's former interim president, Dr. Alma Freeman (Dr. Freeman and Trenholm State will hereinafter collectively be referred to as "the defendants"). Tatum sought to challenge the sufficiency of the process she was afforded by the defendants by filing a complaint for declaratory and injunctive relief, a petition for a writ of mandamus, and a petition for a writ of certiorari in the trial court. The trial court dismissed Tatum's action. We affirm.
On May 21, 2001, Tatum, who served as Trenholm State's business manager, received notice that Dr. Freeman intended to terminate her employment with Trenholm State based on a list of reasons associated with Tatum's alleged financial mismanagement. On June 1, 2001, Tatum filed a reply to the notice stating that she chose to contest her termination; that she requested a hearing pursuant to the Fair Dismissal Act, § 36-26-100 et seq., Ala. Code 1975; and that she requested a more specific statement of the reasons proposed to support her termination and a more specific statement of the facts upon which those reasons were based. On June 11, 2001, Dr. Freeman sent Tatum a second letter regarding her intention to terminate Tatum's employment; Dr. Freeman scheduled a pretermination hearing for June 19, 2001. On the day of the hearing, Tatum sent a letter to Dr. Freeman stating that she would not attend the pretermination hearing and also challenging the alleged failure of the defendants to provide her with a specific statement of the reasons for her proposed termination and the supporting facts as had been previously requested; Tatum further requested a hearing before an employee-review panel as provided by the Fair Dismissal Act. On June 20, 2001, Dr. Freeman sent a letter to Tatum stating that she was terminating Tatum's employment with Trenholm State, effective July 6, 2001. On July 2, 2001, Tatum sent a letter to Dr. Freeman, again requesting that an employee-review panel be assembled to review her appeal of her termination and again challenging the sufficiency or specificity of the reasons and facts that the defendants had provided to support her termination.
A panel of three was assembled to hear Tatum's appeal pursuant to § 36-26-105, Ala. Code 1975. The employee-review panel's hearing on Tatum's appeal was set for August 17, 2001, which all parties agree was the last day of the 60-day period that the employee-review panel had to begin conducting the hearing. See §36-26-106, *Page 1216 
Ala. Code 1975. On the scheduled day of the hearing, only two of the three employee-review-panel members appeared for the hearing. At the outset of the hearing, Tatum asserted, in pertinent part, the following objections:
 "[B]asically we have reviewed the Fair Dismissal Act and we are appearing today just simply to protest this procedure and this hearing today.
 "We agree that Mr. Cooper [the third employee-review-panel member] is not here today. I think it is clear from the parties' consensus today is the sixtieth day within the time frame set forth by the act itself. We are not waiving, have not waived, and will not waive the sixty day time period, and that is one of our matters of protest today that we're bringing to the two members of the panel that are present, Mr. Robert Rash and you, Victor Price.
 "We are raising several items of protest today in addition to presenting our exhibits which shows the procedural matters that have taken place before today. . . .
 "First, the employer has failed and refused to provide Ms. Tatum to this very moment with a copy of the statement of facts as required by . . . five point one two and five point one two two as provided here in the procedures [the State Board of Education's Revised Hearing Procedures] and as a direct result of that failure and the continued failure to provide Ms. Tatum with the facts[,] Ms. Tatum had been totally unable to ascertain the true nature of the charges brought against [her], she's been totally unable to bring together exhibits to defend her case, and as of today, the sixtieth day, has been totally unable to prepare her case, call witnesses, and prepare witness testimony, etcetera.
 "Lastly, Ms. Tatum has because of this situation become ill prepared to provide any sort of cross-examination of any witnesses that Trenholm [State] may have chosen to call within the sixty day period.
 "So in summary she was denied and is denied and continues to be denied by this matter of failure and refusal of Trenholm [State] to provide her a statement of facts. She has been denied due process in this action. All right. So that's our first point today.
 "Secondly, under the law Ms. Tatum has a right to appear before a duly impaneled three person body, and without the presence as Mr. Price said — as Victor said of the third party member she will not get the benefit of compliance with either due process or the act.
 "The Fair Dismissal Act requires a hearing to be conducted within sixty days, and a shortage of the panel member that occurs today will not be cured by continuing the hearing or reconvening at another date to gather together a full panel. Mr. Cooper is not present, and simply by showing up today with two members and him not showing up we can't cure it by having him appear at a later [date] nor will we agree to do that procedure and we are not waiving the sixty day period to provide for such scenario. So that's where we are with that."
At the conclusion of the meeting, the two employee-review-panel members determined that the hearing would be continued to September 10, 2001, and that the defendants should provide a more detailed statement of reasons and facts to Tatum. Tatum again objected to the hearing being continued. The continued hearing date was subsequently changed to September 17, 2001. *Page 1217 
On September 14, 2001, Tatum filed a complaint seeking declaratory and injunctive relief and a petition for a writ of mandamus in the trial court. In addition to the facts set out above, Tatum also asserted:
 "(23) That on Wednesday, September 12, 2001, less than seven days in advance of September 17, 2001, [Tatum's] counsel was served with two large ring binders of documents, etc., by the defendants. That due to said late service date [it] is not possible to review said documents, call witnesses for [Tatum] or otherwise prepare [Tatum's] defense by the date of September 17, 2001, for a hearing that the panel had allowed approximately five days to hear and [Tatum] is now by this most recent event further denied due process and further has had her legal rights abridged under the law."
Tatum's complaint sought to have the trial court "issue a writ of mandamus against the defendants and grant her such further and additional relief, including injunctive, as she [was] due under the law."
The employee-review panel conducted its hearing, without Tatum being present or otherwise represented, on September 17, 2001. On September 19, 2001, Tatum filed what was entitled an "emergency motion to enjoin or stay Fair Dismissal Act hearing proceedings"; this filing was accompanied with a supporting statement containing argument and citation to authority. Through this filing Tatum sought to have the trial court enjoin the employee-review panel from issuing a decision and also argued that the employee-review panel's failure to conduct her hearing within the 60-day time period provided in the Fair Dismissal Act was a violation of a clear legal right for which mandamus relief was appropriate. On September 24, 2001, the defendants filed a motion to dismiss Tatum's complaint and her petition for a writ of mandamus. The defendants argued that Tatum's complaint and petition were due to be dismissed because she had failed to exhaust her administrative remedies and that the proper means for her to seek judicial review was by filing a petition for the writ of certiorari after the employee-review panel had made its determination; the defendants argued that filing a petition for the writ of certiorari was an adequate legal remedy available to Tatum, thus undermining the validity of her petition for a writ of mandamus. On September 28, 2001, the trial court dismissed Tatum's "emergency motion to enjoin or stay Fair Dismissal Act hearing proceedings," stating that it had been informed that the employee-review panel had stayed their proceedings. On November 19, 2001, Tatum filed a response to the defendants' motion to dismiss, arguing that a petition for a writ of mandamus was her appropriate means of challenging the defendants' alleged failure to provide her with a hearing within the 60 days required by the Fair Dismissal Act.
On November 21, 2001, Tatum filed a motion to amend her complaint and an amended complaint that included an alternate petition for a writ of certiorari. On December 4, 2001, the defendants filed (1) a motion to deny Tatum leave to amend her complaint; (2) a motion to dismiss Tatum's amended complaint, which additionally argued that Tatum's alternate petition for a writ of certiorari was subject to and failed to meet the requirements of § 41-22-20(g), Ala. Code 1975; and (3) a renewed motion to dismiss Tatum's complaint and petition for writ of mandamus. On May 6, 2002, after conducting a hearing, the trial court entered an order that stated, in pertinent part:
 "The court finds that [Tatum's] complaint is due to be dismissed and that the petition for writ of mandamus is due *Page 1218 
to be denied. Mandamus is an extraordinary remedy. A petition for writ of mandamus is not to be granted unless the petitioner has demonstrated ['](1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.['] Ex parte Glover, [801 So.2d 1, 2 (Ala. 2001)], citing Ex parte Alfab, Inc., 586 So.2d 889[, 891] (Ala. 1991). The petitioner bears the burden of proving all four of these elements before a writ of mandamus will issue. The court finds that [the] petitioner in this case failed to satisfy the four prerequisites. At the time the petition was filed, [Tatum's] employment had already been terminated by [Trenholm State], [Tatum] had requested a review of the decision by an employee review panel [pursuant to the Fair Dismissal Act], the parties had selected a panel and the panel had convened. The petition did not seek to compel the review [panel] to perform its legal duty of completing the hearing and rendering a determination. Rather, it sought to stop the panel from further performing its duties. [Tatum] cited allegations of various violations of the procedural requirements of [the Fair Dismissal Act] as grounds for the petition. The court finds that if the panel or [the defendants] violated any procedural requirements, the proper remedy is not mandamus, but judicial review after a final determination has been made by the review panel. [Ala. Code 1975], § 41-22-2(a). See Colbert County Bd. of Educ. v. Johnson, 652 So.2d 274, 275 (Ala.Civ.App. 1994). See also Ex parte Smith, 683 So.2d 431, 435 (Ala. 1996). The court also finds that since [Tatum's] employment had already been terminated, she would not be prejudiced in any way if her allegations were reviewed and determined by the judicial review process. The court finds that [Tatum] does have an adequate remedy other than mandamus, thus, the petition for [a writ of] mandamus is due to be denied. Furthermore, the court finds that [Tatum's] complaint is due to be dismissed because it fails to state a claim upon which relief can be granted. . . .
 "The court further finds that [Tatum's] amended complaint and petition for [a writ of] mandamus, and alternate petition for writ of certiorari does not comply with the clear requirements for petition for judicial review set forth in [Ala. Code 1975], § 41-22-20. Among other things, the petition fails to seek judicial review of the final order of the review panel. The court also notes that no cost bond was filed to cover the reasonable costs of preparing the transcript of the proceeding under review as required by [§] 41-22-20(b), and that the requirements of [§] 41-22-20(h) have not otherwise been met. The court notes, however, that the petition was timely filed and offers petitioner the opportunity to amend the pleading to comply with the requirements of § 41-22-20. The amended pleading must be filed within 10 days of the date of this order. Any pleadings filed subsequent to that date will be deemed untimely filed and will be denied. . . ."
On May 15, 2002, Tatum filed a motion to alter, amend, or vacate the judgment; the trial court denied Tatum's postjudgment motion on June 12, 2002. Tatum then appealed to this court.
In Tatum v. Freeman, 858 So.2d 979 (Ala.Civ.App. 2003), this court dismissed Tatum's appeal as being from a nonfinal judgment, specifically stating:
 "The trial court's May 6, 2002, order dismissed Tatum's complaint for declaratory *Page 1219 
and injunctive relief and her petition for the writ of mandamus. The trial court did not dismiss Tatum's petition for writ of certiorari, but rather provided Tatum an opportunity to amend her pleading. Furthermore, it did not enter a Rule 54(b), Ala. R. Civ. P., certification of finality as to the claims it had dismissed. Therefore, the trial court's order did not dispose of all claims between Tatum and the defendants; it is a nonfinal judgment. `When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.' Powell v. Republic Nat'l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360
(1974) (citing Taylor v. Major Fin. Co., 289 Ala. 458, 268 So.2d 738 (1972); Tarvin v. Tarvin, 266 Ala. 214, 95 So.2d 397 (1957))."
858 So.2d at 979-980 (footnote omitted).
On April 10, 2003, Tatum filed a motion seeking to have the trial court enter a final judgment; the defendants also filed a similar motion on April 15, 2003. The trial court entered a final judgment in this case on July 21, 2003. Tatum then filed a notice of appeal to this court.[1]
On appeal, Tatum argues (1) that the trial court erred by determining that her complaint and amended complaint containing an alternate petition for a writ of certiorari was governed by the requirements of § 41-22-20, Ala. Code 1975; (2) that the trial court erred by dismissing her complaint and amended complaint that alleged that the defendants had violated § 16-22-14, Ala. Code 1975, and had violated her rights to due process; and (3) that the defendants were at fault and in error for failing to see to it that her hearing before an employee-review panel occurred before the 60-day period set out by the Fair Dismissal Act and that the trial court erred by failing to grant her relief on this ground.
The applicable standard of review relating to the trial court's dismissal of Tatum's complaint and amended complaint has been stated as follows:
 "The appropriate standard of review of a trial court's [ruling on] a motion to dismiss is whether `when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief.' Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993); Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641
(Ala. 1985). This Court does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may possibly prevail. Nance, 622 So.2d at 299. A `dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.' Nance, 622 So.2d at 299; Garrett v. Hadden, 495 So.2d 616, 617 (Ala. 1986); Hill v. Kraft, Inc., 496 So.2d 768, 769
(Ala. 1986)."
Lyons v. River Road Constr., Inc., 858 So.2d 257, 260 (Ala. 2003).
This court has set out the standard of review applicable to the trial court's denial of Tatum's petition for a writ of mandamus as follows:
 "`We note at the outset that in an appeal from the trial court's denial of a petition for a writ of mandamus, "this court must indulge all reasonable presumptions *Page 1220 
in favor of the correctness of the judgment appealed from."' Kilgore v. Jasper City Bd. of Education, 624 So.2d 603, 604 (Ala.Civ.App. 1993) (quoting Huffstutler v. Reese, 510 So.2d 275, 277
(Ala.Civ.App. 1987)).
 "Mandamus is a drastic and extraordinary writ and is to be issued only where there is a clear legal right to the relief sought by the petitioner. Ex parte State Dep't of Human Resources, 674 So.2d 1274
(Ala.Civ.App. 1995). Because it is an extraordinary remedy, the standard of review is whether there has been a clear abuse of discretion by the trial court. Id."
Perry v. State Dept. of Corrections, 694 So.2d 24, 25
(Ala.Civ.App. 1997).
 I. Does § 41-22-20(a), Ala. Code 1975, Apply to Fair Dismissal Act Appeals?
Tatum first argues that the trial court erred by dismissing her complaint and amended complaint, which contained an alternate petition for a writ of certiorari, on the basis that she had failed to meet the requirements of § 41-22-20, Ala. Code 1975, a section of the Alabama Administrative Procedure Act ("the AAPA"). It is Tatum's position that the AAPA does not govern Fair Dismissal Act appeals, specifically arguing that the AAPA does not apply to actions involving "boards of trustees of postsecondary institutions," see § 41-22-3(1), Ala. Code 1975; she expands this contention in her brief on appeal to state that "thus, [Trenholm State], a postsecondary institution, governed by its Board of Trustees, is excluded from the AAPA's coverage." Tatum also relies on a statement made by this court in King v.Calhoun Community College, 742 So.2d 795, 796 (Ala.Civ.App. 1999), in which we stated, in part, that "§ 41-22-3 exempts [Calhoun Community] College from the application of the AAPA." Tatum is correct in her assertion that the AAPA does not apply. The official commentary to § 41-22-3(1) states, in pertinent part, that the AAPA "has no application to schools, counties, cities or their agencies."
The trial court's reliance on the requirements for judicial review set out by the AAPA in § 41-22-20, Ala. Code 1975, was erroneous. This court has stated:
 "We note that the Fair Dismissal Act has no provision for appeal from [an employee-review-panel] decision, and, therefore, that `the proper vehicle for review [in] the circuit court is . . . writ of certiorari.' Hughes v. Britnell, 554 So.2d 1041, 1042 (Ala.Civ.App. 1989). In cases such as this, where an applicable statute provides no right of appeal and no statutory certiorari review, the only
available means of review is the common law writ of certiorari. Fields v. State ex rel. Jones, 534 So.2d 615 (Ala.Civ.App. 1987)."
Hardy v. Birmingham Bd. of Educ., 634 So.2d 574, 576
(Ala.Civ.App. 1994) (emphasis added). Thus, Tatum's complaint and amended complaint were not properly dismissed based upon the applicability of the requirements of the AAPA — it is the Fair Dismissal Act that is applicable. However, there is an independent basis upon which we can affirm the judgment of the trial court on Tatum's attempt to seek judicial review. That basis is that the employee-review panel has not issued an opinion in this matter. As noted in footnote one to this opinion, the record contains no ruling by the employee-review panel and the record as it does exist shows that the employee-review panel had stayed its issuing of an opinion until the resolution of this case. Accordingly, Tatum's desire to seek judicial review at this time is premature. *Page 1221 
 II. Did the Trial Court Err in Dismissing Tatum's Complaint for Injunctive and Declaratory Relief?
Tatum's second argument is that the trial court erred by dismissing her complaint for injunctive and declaratory relief. Tatum specifically argues that the defendants' failure to provide her specific reasons in support of her termination was a violation of her due-process rights set out in the Fair Dismissal Act and that this failure presented a justiciable controversy proper for adjudication. Tatum again relies on language from this court's opinion in King, supra. King can easily be distinguished from the instant case. In King, the appellant sought a judgment declaring that a postsecondary institution had violated a State Department of Postsecondary Education recommendation that had been adopted by the institution; the Fair Dismissal Act had no application in King. Accordingly, we conclude that the trial court did not err by dismissing Tatum's complaint for injunctive and declaratory relief. Her appropriate remedy was to file a petition for the common-law writ of certiorari after her completion of the procedures set out in the Fair Dismissal Act. See Hardy, supra.
 III. Did the Trial Court Err by Failing to Grant Mandamus or Other Relief for an Alleged Violation of the 60-Day Period Set Out in the Fair Dismissal Act?
Tatum's final argument is that the trial court erred by failing to grant her relief on the basis that her employee-review-panel hearing was not conducted within the 60-day period required by the Fair Dismissal Act. Section 36-26-106, Ala. Code 1975, the statute applicable to this issue, states, in pertinent part:
 "Upon the employee review panel's selection to hear a case, the panel shall within 10 days establish a date, place, and time for the hearing to be conducted. The date of such hearing shall in no case be later than 60 days following the decision of the employing board."
We find that our supreme court's recent decision in Jones v.Kennedy, 890 So.2d 975 (Ala. 2004), provides guidance for this court to address this issue. In Jones, our supreme court stated:
 "The entire theory of recovery Jones relies on is that the hearing of her appeal by the employee-review panel was not held within the 60-day period set out in § 36-26-106, Ala. Code 1975, thus denying Jones her rights under the [Fair Dismissal Act]. If Jones is correct, Jones's remedy would include reinstatement to her former position, with full backpay, and the reinstatement of her benefits. Washington v. Bessemer Bd. of Educ., 547 So.2d 888, 893
(Ala.Civ.App. 1989) (overruled on other grounds, Ex parte Birmingham Bd. of Educ., 601 So.2d 93 (Ala. 1992)). Jones had a right to a hearing before the employee-review panel in accordance with § 36-26-106
because she properly initiated, within the applicable time limits, the appeal of her termination pursuant to § 36-26-105. Under § 36-26-105, Jones and Dr. Kennedy could either `(1) mutually agree upon a person to hear [her] appeal or (2) select a panel of three persons, one selected by the employing board, and another selected by the employee and a third agreed upon by the two parties.' Section 36-26-105
provides that if the parties cannot agree on the third panel member, then they may request from the probate judge of the county in which the dispute originated a list of the names of three individuals who could serve as the third member of the employee-review panel. Once the parties receive the list from the probate *Page 1222 
judge, the employing board strikes the first name, the employee strikes the second name, and the remaining name becomes the third member of the employee-review panel.
 "It is undisputed that a hearing by the employee-review panel was not held within 60 days of Jones's termination as required by § 36-26-106. Jones filed her complaint in circuit court on December 18, 2002, over five months after she was notified of her termination. No hearing on her appeal had yet taken place. Therefore, this Court must decide whether Jones presented substantial evidence indicating that Dr. Kennedy was more at fault than was she for the failure to hold the hearing within the requisite 60 days. See Ex parte Alabama Inst. for Deaf Blind, 578 So.2d 1308 (Ala. 1991). Although the hearing itself may continue beyond the 60-day period, it must begin within the 60-day period. Washington v. Bessemer Bd. of Educ., 547 So.2d at 892 (overruled on other grounds, Ex parte Birmingham Bd. of Educ., supra).
 "The purpose of the [Fair Dismissal Act] is to provide nonteacher employees a fair and swift resolution of any disputes regarding employment terminations. Bolton v. Board of School Comm'rs of Mobile County, 514 So.2d 820, 824 (Ala. 1987). As this Court noted in Bolton, the [Fair Dismissal Act] is not a model of legislative clarity, and `[a]s with any statute, "reasonableness" must be read into the provisions' of the [Fair Dismissal Act]. 514 So.2d at 824. This Court in Bolton held that the [Fair Dismissal Act] should be construed, insofar as possible, to promote the purpose of the [Fair Dismissal Act]. 514 So.2d at 824. When the time limitations set out in the [Fair Dismissal Act] are not met, courts have assessed fault for the resulting delays on a case-by-case basis. Specifically, `the facts of each case will have to be considered in determining whether the parties would be bound by the 60-day requirement of § 36-26-106.' Ex parte Holifield, 604 So.2d 420, 421 (Ala. 1991); Washington, 547 So.2d at 892. A closer look at the factual scenarios and the outcomes of three previous cases — Washington, Ex parte Holifield, and Ex parte Alabama Institute for Deaf Blind — guides this Court in determining whether the parties here will be bound by the 60-day requirement of § 36-26-106.
 "In Washington, the employing board did not select the first member of the review panel until the 60-day period had expired. The Court of Civil Appeals held that the Legislature's intent was for the employing board to select the first member of the panel. Because by failing to select the first member the employing board caused the delay, the court ruled that the `[b]oard, in effect, [had] abandoned its attempt to terminate Washington,' and the employing board was ordered to reinstate Washington. 547 So.2d at 893.
 "In Ex parte Holifield, the employing board, the employee, and the employee-review panel all agreed, because of the Christmas holidays, to waive all objections to holding the hearing outside the 60-day period. 604 So.2d 420. The Court held that this short delay, by agreement of the parties, was not improper. Thus, the Court held that the employee-review panel did not lose jurisdiction to hear the appeal simply because the hearing was continued beyond the 60-day period. 604 So.2d at 422.
 "In Ex parte Alabama Institute for Deaf Blind, a review hearing was not held within the 60-day period because the probate judge failed to timely submit a list of names of prospective panel *Page 1223 
members. The Court held that an employee is not automatically entitled to reinstatement when the delay in selecting an employer-review panel to hear the employee's appeal is not the fault of the employing board. Therefore, the principle pronounced in Alabama Institute is that, if the employing board followed the procedure established by the [Fair Dismissal Act] and the failure to hold a hearing within 60 days of the employee's termination was not the fault of the employing board, then the employee is not entitled to automatic reinstatement.
". . . .
 "This Court has stated that the [Fair Dismissal Act] requires all parties to act reasonably and responsibly once the termination process begins. Bolton, 514 So.2d at 824. Where one party is responsible for delaying the hearing beyond the 60-day period, that party shall suffer the consequences."
890 So.2d at 979-80.
In the case before us, only two members of the required panel of three appeared for Tatum's hearing on the 60th day allowed for by the Fair Dismissal Act. The member selected by the defendants appeared and the member selected by Tatum appeared. The third member, who had been selected from a list of three provided by the probate judge through the strike-process set out in §36-26-105, Ala. Code 1975, failed to appear. There is nothing in the record suggesting that the third member's failure to appear at the hearing was the fault of the defendants. While Tatum invites this court to conclude that it was the defendants' fault that the third member of the employee-review panel failed to appear by looking at what she characterizes as the defendants' "sand bagging, ambush, [and] delay" as it related to their meeting other requirements of the Fair Dismissal Act, this we refuse to do. The evidence in the record fails to show that either party was at fault for the failure of the third employee-review-panel member to appear at the hearing. Accordingly, we find that, of the three cases discussed inJones, this case is most similar to Ex parte Alabama Institutefor Deaf Blind, 578 So.2d 1308 (Ala. 1991), and that Tatum is therefore not automatically entitled to a reinstatement; mandamus relief was thus not appropriate because there are other adequate legal remedies available to her — namely, a petition for the common-law writ of certiorari.
 IV. Conclusion
In conclusion, we affirm the trial court's dismissal of Tatum's complaint and amended complaint and its denial of her petition for a writ of mandamus. Nothing in this opinion should otherwise be read to preclude Tatum the opportunity to seek judicial review of the decision of the employee-review panel — once it is released — by filing a petition for the common-law writ of certiorari.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, with writing.
[1] The record on appeal contains no ruling by the employee-review panel. Thus, it appears that the employee-review panel has not to date issued a ruling on Tatum's appeal from the termination of her employment.