Mike Biggs, Norman Pierce, and Tommy Parker (hereinafter referred to collectively as "the employees") are bus inspectors employed by the Board of School Commissioners of Mobile County ("the Board"). In August 2004, the employees were informed by the Board that their work locations were being changed. Pursuant to that change, each employee "clocks in" for work at his previous work location and then travels by a vehicle owned by the Mobile County Public School System to his new assigned work location.
Pursuant to the Fair Dismissal Act, § 36-26-100 et seq., Ala. Code 1975, each of the employees submitted a letter to the Board contesting the purported "transfer" of his employment, and each of the employees requested a hearing. In a September 22, 2004, letter, the Board denied the requests for a hearing, maintaining that there had "been no transfer, only a change in the [employees'] work location[s]."
Pursuant to § 36-26-115, Ala. Code 1975, on October 13, 2004, the employees each filed with the Attorney General's Office a petition for a hearing before an administrative law judge. The Board filed responses to the employees' petitions. The individual petitions were assigned to three different administrative law judges.
On March 22, 2005, administrative law judge Walter S. Turner entered an order finding that Parker was entitled to written notice of the Board's intention to "transfer" him to the new work location and that Parker was entitled to a hearing on that proposed transfer. On March 30, 2005, administrative law judge Tori L. Adams-Burks entered an order concluding that Biggs was entitled to notice and a hearing, and on April 27, 2005, administrative law judge Milt E. Belcher ruled that Pierce *Page 944 
was also entitled to notice and a hearing on the proposed "transfer." The Board filed separate notices of appeal to the trial court from all three of the administrative law judges' orders. We note that the Board did not seek review of those orders by filing petitions for a common-law writ of certiorari.
Each of the Board's three "appeals" to the trial court was assigned a separate case number, and the record on appeal contains a separate case-action summary for each case. The case-action summaries each indicate that on July 13, 2005, oral requests to consolidate the three cases were granted.
The employees argued to the trial court that § 36-26-115
of the Fair Dismissal Act provided that the decisions of the administrative law judges were final and not subject to judicial review. On September 9, 2005, the trial court entered orders in each case "dismissing" the consolidated action. The Board appealed to this court on October 19, 2005, arguing that the trial court erred in dismissing its "appeals" of the administrative law judges' orders in this case. We note that this court has not been asked to determine whether the change in the employees' work locations constituted "transfers" that would trigger the application of the Fair Dismissal Act, and, therefore, we do not reach that issue.
The Alabama Legislature recently revised the Fair Dismissal Act,[1] § 36-26-100 et seq., Ala. Code 1975, by enacting Act No. 2004-567, Ala. Acts 2004. Act No. 2004-567 amended certain portions of the Fair Dismissal Act and added other provisions, including § 36-26-115, to the Fair Dismissal Act. In the title to Act No. 2004-567, the legislature indicated that among the purposes of the changes to the Fair Dismissal Act created by Act No. 2004-567 was the intent "to streamline the contest and appeal processes for employees."
The amendments to the Fair Dismissal Act in Act No. 2004-567
included several significant changes. In part, the newly revised Fair Dismissal Act sets forth provisions governing the procedures for the termination of the employment of an employee covered by the Fair Dismissal Act and the procedures for suspending such an employee for more than seven days.See §§ 36-26-103, -104, -108, -109, and -110, Ala. Code 1975. The procedures for the suspension or termination of the employment of an employee subject to the Fair Dismissal Act as amended by Act No. 2004-567 contemplate that the employee receive notice and an opportunity to request a conference before the local school board. §§36-26-103 and -108, Ala. Code 1975.
One of the changes to the procedures for review of a termination or suspension of employment created by the new amendments to the Fair Dismissal Act altered the forum in which an employee could seek review of a school board's decision. Under the former provisions of the Fair Dismissal Act, an employee could seek review by either a mutually agreed-upon person or a three-member employee-review panel. § 36-26-105, Ala. Code 1975 (former). Pursuant to the recent amendments to the Fair Dismissal Act, a hearing officer must be selected from a panel from the Federal Mediation and Conciliation Services' Office of Arbitration Services. §36-26-114, Ala. Code 1975.
Under a former provision of the Fair Dismissal Act, §36-26-106, which set forth the procedures for a hearing process, *Page 945 
"[t]he decision of the [employee-review] panel [was] final and binding upon the parties." The amendments to the Fair Dismissal Act provide for appeals of the decision of the hearing officer when an employee is terminated or suspended for more than seven days; an appeal of a decision by the hearing officer shall be to this court. § 36-26-104(b), Ala. Code 1975; and § 36-26-104(b), Ala. Code 1975. The standard of review this court is to apply in reviewing the decision of a hearing officer when an employee is suspended or terminated is also specified in the new amendments to the Fair Dismissal Act. See § 36-26-104(b) and §36-26-110(b) (providing that this court shall affirm the decision of the hearing officer absent a finding that the decision was arbitrary and capricious).
However, with regard to a transfer of the employment of an employee, the newly amended Fair Dismissal Act provides that "[t]he decision of the hearing officer shall be final." §36-26-107, Ala. Code 1975.[2] In adding § 36-26-115 to the Fair Dismissal Act through its enactment of Act No.2004-567, the Alabama Legislature created a right to a hearing before an administrative law judge for those nonprobationary employees who are denied a hearing
before the local board of education. The legislature also specified that under § 36-26-115 the decision of the administrative law judge "shall be final." § 36-26-115, Ala. Code 1975.
The foregoing comparison and discussion of various provisions of the Fair Dismissal Act demonstrates that our legislature has made a distinction in the procedures and methods of review for terminations, suspensions, and transfers of employment. The legislature has also provided those employees denied a hearing by the local school board the right to review by an administrative law judge rather than a hearing officer. § 36-26-115, Ala. Code 1975. We must presume that the legislature intended to make those distinctions in its treatment of the various forms of action that a school board may take in reference to an employee, and we must further presume that the legislature intended that each of those distinctions have effect.
 "This court notes that a statute is presumed to have been enacted with a meaningful purpose. Adams v. Mathis, 350 So.2d 381, 385-86
(Ala. 1977). `The legislature will not be presumed to have done a futile thing in enacting a statute.' Ex parte Watley, 708 So.2d 890, 892 (Ala. 1997)."
State v. Pettaway, 794 So.2d 1153, 1156
(Ala.Civ.App. 2001). See also Alidor v. Mobile CountyComm'n, 291 Ala. 552, 558, 284 So.2d 257, 261 (1973) ("Courts will attempt to give meaning to a legislative enactment and it is presumed that the Legislature did not do a vain and useless thing.").
Before the trial court, the employees argued that the trial court lacked jurisdiction to consider the Board's appeal. In making that argument, the employees maintained that the last sentence in § 36-26-115 of the Fair Dismissal Act bars a right of appeal by either party of an administrative law judge's decision under that section. The statute at issue reads as follows:
 "An employee who has attained nonprobationary status and has been denied a hearing before the local board of education as required by Section 36-26-102, 36-26-105, 36-26-108, or 36-26-111 *Page 946 
shall have the right to appeal directly to the Chief Administrative Law Judge of the Office of Administrative Hearings, Division of Administrative Law Judges, Office of the Attorney General for relief. The Chief Administrative Law Judge shall appoint an administrative law judge to address the issue raised in the appeal. The appeal shall state facts sufficient to allow the judge to determine tentatively whether or not the local board of education has complied with Section 36-26-102, 36-26-105, 36-26-108, or 36-26-111. The local board may answer or deny in writing the facts set out in the employee appeal and, if it fails to so deny, the facts set out in the appeal must be taken as true. The judge shall review the employee's request and the local board's answer or denial and shall determine, with or without a hearing, whether or not the local board of education has complied with Section 36-26-102, 36-26-105, 36-26-108, or 36-26-111. Based upon its findings, the judge shall do one of the following: (1) Order a hearing before the local board, (2) determine that the employee has been transferred, suspended, or dismissed in violation of the law and rescind the action taken by the local board, or (3) sustain the action taken by the local board. Action taken by the Administrative Law Judge under this section shall be final."
§ 36-26-115, Ala. Code 1975 (as amended by Act No. 2004-567, effective July 1, 2004) (emphasis added).
This court has stated that "the legislature may prohibit an appeal in a particular type of case." Ex parte Smith,394 So.2d 45, 47 (Ala.Civ.App. 1981); see also Fields v.State ex rel. Jones, 534 So.2d 615, 616
(Ala.Civ.App. 1987) ("the legislature may properly limit the right to appeal"). In § 36-26-115 the legislature provided no method of review for either party of the administrative law judge's decision under that section. We must conclude that under § 36-26-115 the Alabama Legislature intended that the decision of an administrative law judge after a school board denies an employee a hearing is final and that there is no right to appeal that decision.
The Board maintains that in spite of the language of §36-26-115 providing that the "[a]ction taken by the Administrative Law Judge under this section shall be final," it could seek review of the administrative law judges' orders in the trial court pursuant to the Alabama Administrative Procedure Act ("AAPA"), § 41-22-1 et seq., Ala. Code 1975. The AAPA provides a "minimum procedural code for theoperation of all state agencies when they take action affecting the rights and duties of the public." § 41-22-2(a), Ala. Code 1975 (emphasis added). The AAPA defines the term "agency" as follows:
 "Agency. Every board, bureau, commission, department, officer, or other administrative office or unit of the state, including the Alabama Department of Environmental Management, other than the Legislature and its agencies, the Alabama State Port Authority, the courts, the Alabama Public Service Commission, or the State Banking Department, whose administrative procedures are governed by Sections 5-2A-8 and 5-2A-9. The term shall not include boards of trustees of postsecondary institutions, counties, municipalities, or any agencies of local governmental units, unless they are expressly made subject to this chapter by general or special law."
§ 41-22-3(1) (emphasis added). The Commentary to §41-22-3 reiterates that the AAPA does not apply to "schools, counties, cities or their agencies." Thus, some of *Page 947 
the entities that are specifically excluded from the application of the AAPA include local boards and agencies, agencies of the legislature, and postsecondary schools.
 "[T]he AAPA governs state agencies
— not local entities such as the [City of Dothan Personnel] Board. See §§ 41-22-2 and 41-22-3(1), Ala. Code 1975. See also Ex parte Boyette, 728 So.2d 644
(Ala. 1998) (holding that Boyette's appeal from a county personnel board decision was governed by a special enabling act and not by the AAPA)."
City of Dothan Pers. Bd. v. DeVane, 860 So.2d 881,883 (Ala.Civ.App. 2002). See also Tatum v. Freeman,893 So.2d 1213 (Ala.Civ.App. 2004) (concluding that a post-secondary institution was excluded from the coverage of the AAPA by the definition of "agency" in § 41-22-3(1) and citing the commentary to § 41-22-3 providing that the AAPA does not apply "to schools, counties, cities or their agencies"); King v. Calhoun Cmty. Coll.,742 So.2d 795, 796 (Ala.Civ.App. 1999) ("However, § 41-22-3 exempts the College from the application of the AAPA."); andMedical Laundry Sew., a Div. of OPLCO, Inc. v. Board ofAdjustment for the State of Alabama, 486 So.2d 1305
(Ala.Civ.App. 1986) (noting that the State Board of Adjustment is an agency of the legislature, and, as such, it is not subject to the AAPA).
The Board is an agency of Mobile County that is governed by the Fair Dismissal Act. The Fair Dismissal Act provides methods of review, under certain circumstances, of a decision by the Board or a hearing officer. The Board is a local agency; it is not a state agency subject to the application of the AAPA. Accordingly, the AAPA, which governs state agencies, does not apply to the Board or to disputes arising from action taken by the Board or proceedings before the Board. The Board is "excluded from the AAPA's coverage." Tatum v.Freeman, 893 So.2d at 1220.
In its brief on appeal, the Board points out that this court has allowed a trial court to review the decision of an employeereview panel under the former provisions of the Fair Dismissal Act pursuant to a petition for a writ of certiorari.See Hughes v. Britnell, 554 So.2d 1041
(Ala.Civ.App. 1989). However, there is no indication in the record on appeal that the Board raised this issue before the trial court. This court may not hold a trial court in error on issues that the parties did not present to that court. Leev. YES of Russellville, Inc., 858 So.2d 250, 257
(Ala. 2003) ("The trial court will not be placed in error on the basis of issues never presented to it."); and Smith v.Equifax Servs., Inc., 537 So.2d 463, 465 (Ala. 1988) (noting the "`longstanding, well established rule that [in order to secure a reversal] the appellant has an affirmative duty of showing error upon the record'"). Therefore, given the arguments made to this court and the trial court, we decline to determine the issue whether an administrative law judge's decision under § 36-26-115 is subject to review in the courts through a petition for a writ of certiorari.
AFFIRMED.
CRAWLEY, P.J., and PITTMAN, J., concur.
MURDOCK and BRYAN, JJ., concur in the result, without writing.
[1] The act known as the "Fair Dismissal Act" is located in the Alabama Code under the title "Dismissal Procedures for Nonteacher, Nonclassified, etc., Employees in Certain School Systems, Institutions, Etc."
[2] As stated, infra, this court has not been asked to resolve whether the Board's actions constituted "transfers" that would trigger the application of §§ 36-26-105
through -107 of the Fair Dismissal Act. *Page 948